(May 5, 1908.)

## SIMON BECK, Appellant, v. MARGARET LAVIN et al., Respondents.

[97 Pac. 1028.]

SERVICE OF PAPERS—SHERIFF—CUSTODY OF PROPERTY—RIGHT OF CUS-
TODIAN OR KEEPER—JUDGMENT—DEFAULT—SETTING ASIDE—MERI-
TORIOUS DEFENSE.

    1. Under the laws of this state, it is the proper practice to serve papers in an action upon the resident attorney.

    2. Property in the custody of the sheriff, who places it in the care of a custodian or keeper, is in the absolute control of the sheriff, and the custodian or keeper has no lien thereon for his fees or costs of keeping the same.

    3. Affidavits, on motion to set aside a default judgment, must show that the default occurred through mistake, inadvertence, or excusable neglect, under the provisions of sec. 4229, Rev. Stat. 1887, and that the defendant had a meritorious defense to the action.

    4. The provisions of sec. 3445, Rev. Stat. 1887, as amended by Laws 1893, p. 67, provide that every person who, while lawfully in the possession of an article of personal property, renders any service to the owner thereof, in connection therewith, has a special lien thereon, etc., has no application to property in the custody of the law.

(Syllabus by the court.)

APPEAL from District Court, Kootenai County. Hon. William W. Woods, Judge.

Replevin by Simon Beck against Margaret Lavin and others. A default judgment was rendered for plaintiff, which on motion was set aside, and plaintiff appeals. *Reversed.*

R. E. McFarland, for Appellant.

The laws of this state require that all pleadings in the district courts and the supreme court shall be signed by a resident attorney of the state. (Laws 1905, p. 75.)

Affidavits on motion to set aside a default judgment, under the provisions of sec. 4229, Rev. Stat., must show that

the default occurred through mistake, inadvertence, surprise or excusable neglect, and that the defendant has a meritorious defense to the action. This was not done. (*Holzeman & Co. v. Henneberry*, 11 Ida. 428, 83 Pac. 497; *Western Loan & Savings Co. v. Smith*, 12 Ida. 94, 85 Pac. 1084.)

F. T. Post, John. P. Gray, and Robert H. Elder, for Respondents.

In addition to the other elements of inadvertence, excusable neglect, surprise and mistake, plaintiff's counsel, by misleading the defendants' attorney, prevented them from asserting their rights. (*Cook v. Skelton*, 20 Ill. 107, 71 Am. Dec. 250; *Binz v. Tyler*, 79 Ill. 248; 1 Tidd's Prac. 523.)

"The granting or refusing of an order of this kind rests in the sound legal discretion of the lower court, . . . . and unless it appears that such discretion has been abused, the order will not be disturbed upon appeal." (*Pease v. Kootenai County*, 7 Ida. 731, 65 Pac. 432; *Holzeman v. Henneberry*, 11 Ida. 431, 83 Pac. 497; *Western Loan Co. v. Smith*, 12 Ida. 103, 85 Pac. 1084; *Watson v. San Francisco*, 41 Cal. 17; *Barling v. Weeks*, 4 Cal. App. 455, 88 Pac. 502.)

The defendants Lavin have a lien for their charges in connection with the care and custody of this property, and such lien gives them the right to hold this property, independent of the fact that it came legally into their hands as officers of the court. (Sec. 3445, Rev. Stat.; Laws 1893, p. 67; Laws 1901, p. 181; *Idaho Comstock v. Lundstrum*, 9 Ida. 270, 74 Pac. 975; *Williamson v. Moore*, 10 Ida. 749-753, 80 Pac. 227.)

To reverse the order of the lower court would result "in an obvious miscarriage of justice based upon reprehensible practice." (*Barrie v. Northern Assur. Co.*, 99 Minn. 272, 109 N. W. 249.)

"Where there is a showing not manifestly insufficient, the court should be liberal in the exercise of its discretion in furtherance of justice." (Hayne's New Trial & Appeal, sec. 347.)

In a case like the one at bar, proper practice does not permit the facts stated in the defendant's affidavit, which con-

stitutes his defense to the action, to be rebutted by counter-affidavits. (*Mendell v. Kimball,* 85 Ill. 583; *Douglass v. Todd,* 96 Cal. 655, 31 Am. St. Rep. 247, 31 Pac. 624; *Gilchrist Trans. Co. v. Northern Grain Co.,* 204 Ill. 510, 68 N. E. 558; *Bristor v. Galvin,* 62 Ind. 356; *Worth v. Wetmore,* 87 Iowa, 62, 54 N. W. 57; *Benedict v. Arnoux,* 32 N. Y. Supp. 905, 66 N. Y. St. Rep. 298; *Congdon Co. v. Con. Apex Min. Co.,* 11 S. D. 376, 77 N. W. 1023; *Cutler v. Haycock,* 32 Utah, 354, 90 Pac. 899; *Minn. Thresher Mfg. Co. v. Holz,* 10 N. D. 16, 84 N. W. 585; Freeman on Judgments, 3d ed., sec. 100; 1 Black on Judgments, sec. 351; 23 Cyc. 958.)

SULLIVAN, J.—This is an appeal from an order vacating and setting aside a judgment obtained by default. The action is one in replevin, commenced by the appellant against the respondents, Lavin and others, to recover the possession of certain personal property, consisting of a lot of undertaking goods, alleged to be of the value of $947.50. To the complaint the defendants interposed a demurrer, which appears to have been confessed by the plaintiff, and he thereafter filed an amended complaint, and served the same by mail on one of the attorneys for the defendants. It appears from the record that the attorneys who filed the demurrer to the complaint were nonresidents and, as required by the laws of this state, signed the name of the resident attorney to said demurrer, whom they neglected to notify of that fact. Under our law it is the proper practice to serve papers in an action on the resident attorney, and the service of the amended complaint on the resident attorney was a sufficient service. When the amended complaint was served on such resident attorney, he had no information in regard to said action, and wrote a letter to the attorney for appellant, requesting him to advise the writer in regard to the case, as he was not familiar with it. Counsel for appellant did not answer said letter, and thereafter had a default entered, and after said default was entered, said resident counsel met appellant's attorney on the street, and some conversation occurred between them in regard to the matter, and it appears that the im-

pression was left on the mind of the resident attorney for the defendants that a mistake had been made in sending a copy of said amended complaint to him. The next day thereafter a default judgment was entered against the defendants, requiring them to deliver said personal property to the appellant, or to pay him the value thereof. Some time thereafter a motion was made to set aside said default judgment and to permit the defendants to answer. Several affidavits were filed, pro and con, in support of and against said motion, and the court, after hearing said matter, sustained the motion and set aside the judgment. The appeal is from that action of the court, and the only error assigned is that the court erred in granting said motion.

In order to fully understand this case it will be necessary to consider the manner in which said personal property came into the hands of the defendants in this action. They do not claim to be the owners of the property. They only claim that they have a lien on the same for keepers' fees, or for the rent of the building in which the sheriff had theretofore stored said personal property. The facts leading up to the sheriff's taking possession of said property are substantially as follows: It appears that a proceeding had been commenced for the foreclosure of an alleged chattel mortgage, given by the appellant Beck on said personal property; that the sheriff took possession thereof, and stored the same in a building belonging to the Lavins, or a building over which they had control. Thereafter Beck brought suit to restrain the foreclosure of said mortgage, and before said action was tried, a stipulation or agreement in settlement of said matter was entered into, under and by which it was expressly stipulated that the plaintiff, Beck, should have the personal property covered by said chattel mortgage, free and clear of any and all claims on the part of the defendants, or either of them, and that the said Beck should pay the costs and expenses of the sheriff for keeping and caring for said personal property, if any, since the same had been in his hands. In the action in which said stipulation was made the sheriff was made a party, and, as we view it, regardless of other ques-

tions that have been discussed by counsel, the case turns upon the question as to whether the defendants in this action have a lien upon said personal property for the rental of the building or place where said goods were stored or kept, and for their care and custody. They claim that, as the sheriff left said property with them to be kept by them, they have a right to hold the same until their charges are paid. It appears from the affidavits, filed in support of the motion to set aside the default, that the sheriff himself claims no interest whatever in said property, or claims no fees or charges due him thereon. That being true, have the defendants under those facts any lien on said chattels? We think not. If they were keepers for the sheriff, they must look to the sheriff for their pay, and cannot have a lien on the property left with them by the sheriff. The sheriff had a right to retain possession of said property until his fees and cost of taking and holding the same had been paid, but the keeper or custodian did not have that right after the sheriff had released said property from his custody. It appears from the affidavit of appellant that the sheriff who succeeded the one who had taken said property released and surrendered the same to appellant, and informed appellant that he had no claim against it, and that appellant could go and get it. Those statements in the affidavit are not denied, and must be taken as true. Under those facts, respondents had no authority to detain said property, but must look to the sheriff for their costs as custodian or keeper, if any they have coming to them. Therefore, as the defense set up in the affidavit of the principal respondent, in support of the motion to set aside said judgment, is no defense to this action, the court erred in granting said motion; as in cases of this kind the defaulting party, under the provisions of sec. 4229, Rev. Stat. 1887, must not only show that the default occurred through mistake, inadvertence, surprise or excusable neglect, but must also show that he has a meritorious defense to the action. (*Holzeman & Co. v. Henneberry,* 11 Ida. 428, 83 Pac. 497.)

Counsel for respondent, in support of his contention, cite sec. 3445, Rev. Stat. 1887, as amended by Laws 1893, p. 67,

which provides that every person who, while lawfully in the possession of an article of personal property, renders any service to the owner thereof, by labor or skill in protecting or keeping the same has a special lien thereon, etc. The provisions of that section do not apply to this case, as this property was in the custody of the law; and, whenever the sheriff, in whose hands it was, desired to release the same, he had that authority, and the custodian or keeper under him had no authority to hold it after its release. The same may be said of the decisions cited by respondent on this question, as they have no application to keepers of property appointed by the sheriff; for in such cases the custody of the keeper is the custody of the sheriff, and he must look to the sheriff for his compensation. Counsel also cite *Barrie v. Northern Assur. Co.*, 99 Minn. 272, 109 N. W. 248, which case involves the opening of a default judgment. Counsel for respondent contend that this case holds that where there is a showing not manifestly insufficient, the court should be liberal in the exercise of its discretion in the furtherance of justice in setting aside a default. In that case it was held that the answer disclosed a good defense. That case is not applicable here, for the reason that the showing to set aside the default in the case at bar is manifestly insufficient, for the reason that it fails to show a meritorious defense.

The order setting aside the judgment must therefore be reversed and the case remanded, with instructions to overrule said motion. Costs are awarded to the appellant.

Ailshie, C. J., and Stewart, J., concur.

### ON REHEARING.

(November 14, 1908.)

DEFAULT—SET ASIDE—AFFIDAVIT EXCUSING DEFAULT—COUNTER-AFFI-
DAVITS—DEFENSE REBUTTED BY COUNTER-AFFIDAVITS.

1. When an application to open a default judgment is made upon
affidavits, the court will hear counter-affidavits only upon the ques-
tion as to the excuse for permitting the default, but will not per-
mit the facts stated in the defendant's affidavits, which constitute
his defense to an action, to be rebutted by counter-affidavits.

(Syllabus by the court.)

SULLIVAN, J.—This case was submitted to this court at its
March term, 1908, and was decided by the court on May 5,
1908 (*ante,* p. 363, 97 Pac. 1028). Thereafter a petition for
rehearing was granted and the case was again orally argued
at the October term of this court. The facts necessary to
an understanding of the case are set forth in the former opin-
ion and will not be repeated here.

The only point urged on the rehearing was that the court
had erred in considering counter-affidavits on the motion to
set aside the default, which affidavits, it is contended, contro-
verted the facts set up as a defense. We did not consider
in the former opinion that the facts referred to in the coun-
ter-affidavit were a contradiction of the proposed defense, but
considered them as further and additional facts connected
with said transaction that had not been set out in the pro-
posed defense. But conceding that they were contradictory
of the facts set up as a defense to the action, it would be of
no consequence in this case, for the reason that the facts
plead do not constitute a defense.

It is well settled that a default will not be set aside un-
less a sufficient affidavit of merits is filed, which affidavit
should show sufficient cause for setting aside the default as
well as the facts that would constitute a defense to the ac-
tion; but proper practice does not permit the facts stated in
the applicant's affidavit, which constitute his defense to the
action, to be rebutted by counter-affidavits. The court will

not try the merits of the case upon affidavits, but will hear counter-affidavits as to the excuse for permitting the default. (*Douglas v. Todd*, 96 Cal. 655, 31 Am. St. Rep. 247, 31 Pac. 623; 23 Cyc. 958.)

The defendants in their application to set aside the default as a defense set forth a certain contract or stipulation entered into between this appellant and the sheriff of Kootenai county, and another, whereby certain proceedings or actions then pending should be settled and adjusted, one of which actions involved the personal property which is sought to be replevined in this case. The third and fourth paragraphs of that stipulation are as follows:

"3. That the plaintiff Simon Beck have the personal property covered by said chattel mortgage, free and clear of any and all claims on the part of the defendants or either of them.

"4. That the plaintiff Simon Beck out of the personal property so covered by said chattel mortgage, or otherwise, pay the costs and expenses of the sheriff for keeping and caring for said personal property, if any, since the same has been in the hands of the said sheriff."

In that stipulation, the sheriff, who had taken possession of that property, stipulated that this appellant should have said personal property "free and clear from any and all claims on the part of the defendants or either of them"; and it was further provided that this appellant should pay the costs and expenses of the sheriff for keeping and caring for said personal property out of said personal property or otherwise. It was there left optional with the appellant whether he pay the costs out of this personal property or otherwise. He was at liberty to pay all costs out of whatever funds he might deem best. We think the clear intention of the parties to that stipulation was to turn said personal property over to the appellant, and the sheriff apparently was willing to take the appellant personally for the payment of his costs and charges in holding the same. We think this conclusion is irresistible from the wording of said stipulation. That being true, Beck was entitled to the immediate posses-

sion of said property, and the keepers appointed by the sheriff to hold the same had no legal authority to detain it, as they must look to the sheriff for their costs of keeping the same, and had no lien on the property therefor.

We therefore conclude that the defendant has failed to set up a meritorious defense or any defense at all, and for that reason the trial court erred in setting aside said default.

The order setting aside said default must be reversed and the cause remanded for further proceedings in accordance with the views expressed in this opinion.

Ailshie, C. J., and Stewart, J., concur.

---

(November 14, 1908.)