(April 11, 1910.)

## JACKSON HARR, Respondent, v. JAMES KIGHT, HENRY KIGHT and BERT KIGHT, Appellants.

[108 Pac. 539.]

DEFAULT—SETTING ASIDE.

(Syllabus by the court.)

1. An application to open and set aside a default is addressed to the sound legal discretion of the court, and unless it appears that such discretion has been abused, the order will not be disturbed on appeal.

2. To entitle a party to relief from a judgment or order entered by default, it is necessary that such person make a sufficient showing of mistake, .inadvertence, surprise, or excusable neglect, and in addition thereto that such person has a meritorious defense to such action.

3. Showing in this case examined, and *held* that the trial court did not abuse its discretion in refusing to open and set aside a default.

'APPEAL from the District Court of the Second Judicial District, for Nez Perce County. Hon. Edgar C. Steele, Judge.

An application to open and set aside a default. Application denied. Defendant appeals. *Affirmed.*

I. N. Smith, and Clay McNamee, for Appellants.

The default is filed April 6, 1909, but it is conceded that there was no entry of this default in the clerk's record at the time the demurrer was filed on April 15, 1909. Anyway, the misdirection of the letter containing the money sent by client to attorney was the cause of any further affirmative action not being taken for client, except the filing of the demurrer.

The Smith family is so numerous, their initials so varied and intermingled, that courts should take judicial knowledge thereof, and should also hold that errors in initials of any man by the name of "Smith" are sufficient to excuse an ordinary man for any default arising therefrom. (*Wheeler v. Castor,* 11 N. D. 347, 92 N. W. 381, 61 L. R. A. 746.)

The attorney for appellants relied upon the record of the clerk as not showing any default at the time the demurrer was filed, and thereafter repeatedly requested from the clerk the information shown by the affidavit at folio 144, also 155; 156. (Not denied.) He had the right to rely upon this information. (*Melde v. Reynolds,* 129 Cal. 308, 61 Pac. 932; *Anaconda Min. Co. v. Saile,* 16 Mont. 8, 50 Am. St. 472, 34 Pac. 909.)

S. O. Tannahill, and Geo. W. Tannahill, for Respondent.

"An application to vacate a default judgment is addressed to the discretion of the trial court, and such discretion will

not be reviewed unless abused." (*Baker v. Knott,* 3 Ida. 700, 35 Pac. 172; *Pease v. County of Kootenai,* 7 Ida. 731, 65 Pac. 432; *Sandstrom v. Smith,* 11 Ida. 779, 84 Pac. 1060.)

STEWART, J.—An action was commenced by the respondent against the appellants in the district court of Nez Perce county to obtain a perpetual injunction restraining the appellants from interfering with a certain water right claimed by respondent and certain water-pipes and reservoir, and for damages. The complaint was filed with the clerk on February 15, 1909. Summons was issued and served personally upon the defendants in Nez Perce county on February 16, 1909. Upon April 6, 1909, the default of the defendants for want of an answer was entered by the clerk. On April 15, 1909, a general demurrer was filed to the complaint signed by I. N. Smith, attorney for defendants. On May 12, 1909, the judge of the district court filed his findings of fact, conclusions of law and a decree which, among other things, recited: "This cause came on to be heard on the 26th day of April, A. D. 1909, before the court without a jury, the plaintiff appearing in person and with his attorneys, S. O. Tannahill and Geo. W. Tannahill, Esqs., the defendant having been duly and regularly served with summons as by law required, and having failed to appear and answer or demur, their default for not answering having been duly entered, as required by law, the court having heard the evidence on the part of the plaintiff, and duly considered the same, and having heretofore made its findings of fact and conclusions of law." Then follow the findings and the decree in favor of the plaintiff, quieting the plaintiff's title to certain water rights, right of way and water flowing through a certain pipe and reservoir, and for a perpetual injunction. On June 12, 1909, a motion to set aside the default was made, supported by the affidavits of James Kight and I. N. Smith, and accompanied with an answer to the complaint. In the affidavit of Kight it is stated that he had stated the facts of his case to I. N. Smith, his counsel, and was advised by him that he had a good and sufficient defense and referred to his answer, and

as an excuse for his failing to appear and suffering default to be entered against him and the other defendants, he stated that the defendants had employed the firm of Johnson & Stookey as their counsel, and that because of some misunderstanding, the affiant received no notice of the setting of the case for trial, nor did he have an opportunity to appear at the trial for that reason; that he was anxious to appear and would have appeared had he received notice, and that it was never his intention to concede the rights claimed by plaintiff nor to admit that the plaintiff was entitled to the waters in controversy; that he was delayed further from the fact that he engaged I. N. Smith to represent his interest, and agreed to send him a certain sum of money, and that he sent the money on April 21st, by postoffice order, but because of miscarriage the same was not received by his attorney.

In the affidavit of I. N. Smith, he swears that he is attorney for the defendants and was first consulted by the defendants on April 14, 1909, and partially engaged as attorney, but before he would take any step other than to file a demurrer, he should be paid the sum of twenty-five dollars, and on April 15th he filed a general demurrer; that at that time the register of actions did not show any entry of default; that after that he waited to hear from his client with remittance and did not receive any letter until about June 5, 1909; that as a matter of fact his client on April 21, 1909, purchased a postoffice order at Lenore, Idaho, in favor of said Smith, and wrote a letter on that day and placed the letter and postoffice order in an envelope and erroneously addressed the letter to N. P. Smith at Lewiston, Idaho; that such letter was advertised, and on May 17, 1909, was sent to the dead letter office, and was remailed to the sender on June 4th. In the meantime Kight had informed his attorney that he had sent the money and asked for an investigation, and upon receiving assurances that the money had been sent, said Smith as attorney served the answer and the affidavit of Kight to set aside the default; that in his opinion there was a complete and perfect defense to the cause of action set forth in the complaint, and that Kight had always expressed his desire to

contest said action and protect his interests and did not con-
cede the rights of the plaintiff. On April 28th he wrote his
client informing him of the condition of the case, but because
of his poverty he was unable to come to Lewiston and look
after the case, but did come in about a week prior to May
28th, and tried to get his counsel to go ahead with the case,
but counsel insisted on the payment of the twenty-five dollars.

Counsel further states in his affidavit that he was informed
by his client that his client's former attorneys, Johnson &
Stookey, had attempted to settle the cause without appear-
ance by answer or otherwise in court, and sent to their client
a certain stipulation which he refused to sign; that he de-
pended upon his counsel to see that no default was taken
against him, and that he did not know that default had been
taken until he was informed by affiant; that affiant was not
employed in the said case until after the default was entered.

In opposition to the motion to set aside the default, affi-
davits were made by Jackson Harr and S. O. Tannahill, one
of his counsel. Mr. Harr swears that after service of sum-
mons had been made in said case, Johnson & Stookey, repre-
senting the defendants, met with the plaintiff and his attor-
neys and drew up a stipulation, and that the defendants were
advised by their attorneys that their rights were fully pro-
tected, and that they should sign the stipulation and consent
that a judgment be entered accordingly; that they had no
other or further defense in the action; that the defendants
disregarded the advice of their attorneys and refused to sign
such stipulation; that the default in said case was entered on
April 6, 1909, and on April 26th the plaintiff appeared in
person and with his attorneys and submitted his proof; that
I. N. Smith, who afterward became attorney for defendants,
was advised of the entry of the default and was advised that
the evidence had been taken, and a judgment and decree
drawn and that such decree was served upon said I. N. Smith
and was held until May 8th before the same was signed or
filed; that the court adjourned on May 17th, and no applica-
tion or motion or pleading had been filed for the purpose of
setting aside the default, and the findings of fact and the con-

clusions of law and the decree were regularly made and filed on May 8, 1909. Accompanying this affidavit is the stipulation referred to, from which it appears that the findings and decree are in accordance therewith.

In the affidavit of Mr. Tannahill, he swears that on April 10, 1909, at the request of the defendants and their counsel, Johnson & Stookey, affiant met one of the defendants and P. E. Stookey, of said firm, for the purpose of entering into a stipulation and settlement of the matters in controversy, and that a stipulation was drawn up which is the same stipulation made a part of the affidavit of Jackson Harr; that said Stookey advised the defendants that they should sign said stipulation and settle the matters in controversy, as they had no substantial defense to said action, and that affiant and Stookey separated with such understanding that said stipulation would be signed and approved; that I. N. Smith, who afterward became one of defendant's counsel, was advised that no answer had been filed and that affiant intended to take judgment against the said defendants, and that said Smith stated he did not know what action he desired to take, or words to that effect; that on April 26th affiant caused the plaintiff to appear, and evidence was taken and a decree thereafter drawn and presented to the court for signing, and affiant served a copy of said findings of fact, conclusions of law, and decree on I. N. Smith, who now appears as attorney for the said defendants, and that said findings and decree were handed to said Smith on April 27, A. D. 1909; that no application was made to set aside the default and on May 8, 1909, the findings and decree were signed and filed.

Upon this showing, the trial court denied the application of the appellants to set aside the default and judgment. From that order this appeal was taken.

The only question presented on this appeal is: Did the trial court abuse its discretion in refusing to set aside the default? This court has decided so often that it seems supererogation to repeat that "An application to set aside and vacate a judgment is addressed to the sound legal discretion of the court, and unless it appears that such discretion has been abused,

the order will not be disturbed on appeal." (*Culver v. Mountain Home Electric Co.,* 17 Ida. 669, 107 Pac. 65.)

Under the provisions of Rev. Codes, sec. 4229, a party may be relieved from a judgment or order taken against him through mistake, inadvertence, surprise, or excusable neglect, and this court in a number of cases has held that a defendant making application to open a default must not only show that the default was entered against him through his mistake, inadvertence, surprise or excusable neglect, but must also show sufficient facts from which it appears that he has a good defense. (*Holzeman v. Henneberry,* 11 Ida. 428, 83 Pac. 497.) To entitle a party to relief from a judgment or order entered by default, it is necessary that such person make a sufficient showing of mistake, inadvertence, surprise, or excusable neglect, and in addition thereto, that such person has a meritorious defense to such action, and if the ruling upon the showing made does not show an abuse of legal discretion, then the order will not be reversed.

According to the showing made, the complaint was filed February 15, 1909; summons served February 16, 1909. After service of summons the defendants employed counsel. and the counsel so employed met counsel for respondent and entered into a stipulation, in accordance with which it was agreed judgment should be entered, and after making such stipulation, counsel for defendants did not file a demurrer or answer or further appear in said action. The respondents declined to accept the settlement made or the advice of their counsel. On April 6, 1909, no appearance having been made by defendants, their default was entered. On April 15th a general demurrer was filed in said cause by I. N. Smith, who had been secured as counsel for defendants instead of Johnson & Stookey, their former counsel. The case came on for trial before the court on April 26, 1909, the record reciting that defendants were in default and failed to appear and answer. On May 12, 1909, the judge filed his findings of fact and conclusions of law and decree. The only excuse appearing in the affidavits, upon which the trial court was asked to set aside such default, is the showing that defendants con-

sulted I. N. Smith and partially employed him as their attorney on April 14, 1909, but that he declined to take any step other than file a demurrer until he was paid a certain fee demanded by him; and that while as a matter of fact his client remitted him through postoffice order such fee on April 21, 1909, he did not receive the same until about June 8, 1909. It is apparent from this record that Johnson & Stookey were defendants' counsel after their first employment up until the time defendants employed I. N. Smith on April 14th. The summons was served in Nez Perce county on February 16th; consequently the defendants were in default on February 27th, yet the default was not entered until April 6th. When the demurrer was filed on April 15th by I. N. Smith, who was then acting for the defendants, such defendants were in default and the filing of the demurrer could not affect such default. (Rev. Codes, sec. 4174; *Irvine v. Davy*, 88 Cal. 495, 26 Pac. 506.) It further appears that after I. N. Smith had partially been employed as counsel for the defendants, he was informed by counsel for plaintiff before judgment had been entered that said defendants were in default, and that plaintiff intended to take judgment against them, and that no appearance was then made on behalf of the defendants; and that after the trial was had on April 26th, a copy of the findings and decree was served upon said Smith as counsel for the defendants, yet defendants made no appearance in said cause, and that said findings and decree were held and not signed until May 8, 1909, or filed until May 12th; and yet defendants made no appearance or move to open or set aside said default. Under these facts, it would have been an abuse of discretion had the trial court sustained the motion to open such default. The defendants were guilty of such neglect and carelessness in protecting their own interest as under no ordinary circumstances could be imputed to an ordinarily careful man in a business matter.

If this court should reverse this case and hold that the trial court abused its discretion in refusing to open the default, then there would scarcely be a default judgment but that a sufficient showing could be made to set the same aside.

Litigation would be delayed and prolonged and the statute fixing the time within which an answer or demurrer must be filed would practically be nullified. Taking this view, it is unnecessary to determine whether the answer stated a defense, because even if it should be found that such answer did state a meritorious defense, yet the utter failure of the defendants to make a sufficient showing of mistake, inadvertence, surprise or excusable neglect, necessarily leads to an affirmance of the judgment.

The judgment is affirmed. Costs awarded to respondent.

Sullivan, C. J., and Ailshie, J., concur.