(May 4, 1912.)

## VOLLMER CLEARWATER CO., LTD., Appellant, v. W. A. GRUNEWALD, Respondent.

[124 Pac. 278.]

DEFAULT—SHOWING REQUIRED TO OPEN SAME.

(Syllabus by the court.)

1. Where an application is made to open a default and set aside a judgment, and the defendant in support of said motion presents and asks to have filed a verified answer, and the answer states a defense to the cause of action stated in the complaint, such answer is sufficient as an affidavit of merits.

2. Where an application is made to open a default and set aside a judgment, and the merits of the defendant's defense to the action is set forth in an answer instead of such facts being stated in an affidavit, and such answer consists in denials and a cross-complaint, the cross-complaint will not be considered as a part of the answer stating the merits of the defense, inasmuch as the cross-complaint is an affirmative action alleged by the defendant against the plaintiff and affirmative relief is demanded.

3. The record in this case examined, and *held* that the showing made to open the default and set aside the judgment was not sufficient to show mistake, inadvertence, surprise or excusable neglect, but did show gross negligence on the part of both defendant and his attorney.

APPEAL from the District Court of the Second Judicial District for Idaho County. Hon. E. C. Steele, Judge.

An application to open a default. Judgment for applicant. *Reversed.*

A. S. Hardy, for Appellant.

A default to be set aside must be entered without fault on the part of the defendant or his attorney. (23 Cyc. 939; *Savage v. Dinkler,* 12 Okl. 463, 72 Pac. 366; *United States v. Rio Grande etc. Co.,* 13 N. M. 386, 85 Pac. 393; *Smith v. Trunstead,* 56 Cal. 175; 6 Ency. of Pl. & Pr. 166; *Wagoner*

*National Bank v. Welch,* 7 Ind. Ter. 259, 104 S. W. 610; *Fred Andries & Co. v. Schlueter,* 140 Iowa, 389, 118 N. W. 429.)

On the question of meritorious defense, not only must the defendant file and tender his answer, but he must furnish the court with an affidavit of merits. An answer which contains merely denials has been held wholly insufficient to show the meritorious defense required. (Black on Judgments, sec. 347; *Holland Bank v. Lieuallen,* 6 Ida. 127, 53 Pac. 398; *Pearce v. Butte Electric Ry. Co.,* 40 Mont. 321, 106 Pac. 563; *Fritz v. Graosnecklaus,* 20 Neb. 413, 30 N. W. 411; *Dehn v. Sherman,* 136 App. Div. 89, 120 N. Y. Supp. 639; *Black v. N. Y. Life Ins. Co.,* 126 N. Y. Supp. 334; 15 Ency. of Pl. & Pr. 277, 278; *Jones v. Russell,* 3 How. Pr. (N. Y.) 324; *Culver v. Mountain Home Electric Co.,* 17 Ida. 669, 107 Pac. 65.)

Even if the answer can ever be taken as a sufficient affidavit of merits, it must set out affirmatively the nature of the defense; denials are not sufficient. (*Potter v. Clark,* 6 Abb. Pr. 74, note.)

While the opening of a default is largely a matter of discretion, this discretion must be directed and exercised within the well-established rules of law; and where the essential elements to set it in action are wanting, its improper exercise will be corrected on appeal. (*Holzeman v. Henneberry,* 11 Ida. 428, 83 Pac. 497; *Humphreys v. Idaho Gold Min. Dev. Co.,* 21 Ida. 126, 120 Pac. 823; 15 Ency. of Pl. & Pr. 283, 284.)

M. Reese Hattabaugh, for Respondent.

The sworn answer was a sufficient showing of merit. (*Fulweiler v. Hog's Back C. M. Co.,* 83 Cal. 126, 23 Pac. 65.)

The granting or refusing of an order of this kind rests in the sound legal discretion of the court to which the application is made, and unless it appears that such discretion has been abused, an order will not be disturbed upon the appeal. (*Holzeman v. Henneberry,* 11 Ida. 428, 83 Pac. 497; *Holland Bank v. Lieuallan,* 6 Ida. 127, 53 Pac. 398; *Pease v. Kootenai County,* 7 Ida. 731, 65 Pac. 432; *Culver v. Mountain Home Elec. Co.,* 17 Ida. 669, 107 Pac. 65; *Baker v. Knott,* 3 Ida. 700, 35 Pac. 172.)

A trial court is justified in setting aside a default judgment on the ground of excusable neglect where there has been a mistake or miscalculation of an attorney of the time in which a defendant was to appear. (23 Cyc. 936; *In re Davis' Estate,* 15 Mont. 347, 39 Pac. 292; *Jensen v. Barbour,* 12 Mont. 566, 31 Pac. 592.)

STEWART, C. J.—This is an appeal from an order of the district court in and for Idaho county, made on the 29th of February, 1912, opening a default and setting aside a judgment and permitting the defendant to file an answer. It appears from the record that a complaint was filed in the district court by the appellant against the respondent on October 28, 1911; that summons was issued on that date and returned on November 2, 1911; that personal service was made upon the respondent on November 2, 1911, in the county of Idaho; on November 24, 1911, the clerk of the district court entered a default against the defendant. On November 27, 1911, the case was tried before the court and a judgment entered in favor of the plaintiff against the defendant for the sum of $2,770.95 and costs. On December 28, 1911, the respondent filed in the district court a notice of a motion to set aside the default judgment entered in said cause, upon the grounds of mistake, inadvertence, surprise and excusable neglect, and accompanied said notice of motion with affidavits and an answer and cross-complaint. The appellant filed counter-affidavits.

This motion was heard upon the affidavits, the complaint, answer and cross-complaint. Two questions are presented: First, was there an affidavit of merits filed with the application to set aside the default and judgment? Appellant argues that the answer and cross-complaint do not constitute an affidavit of merits. This court in considering and determining a motion to open a default has uniformly held that an answer stating a defense was sufficient as an affidavit of merits. (*Hall v. Whittier,* 20 Ida. 120, 116 Pac. 1031.) If the merits, that is, if the defense to the cause of action, is set forth in an answer instead of being stated in an affidavit

of merits, such answer must be verified and the facts must be fully stated, and should be sufficient to constitute a complete defense to plaintiff's cause of action, and in such case the answer must be accompanied by an affidavit showing the alleged mistake, inadvertence, surprise or excusable neglect. That being true, it is necessary to determine whether the answer states a defense to the complaint. In determining this question the cross-complaint cannot be considered as a part of the answer. The matter contained in the cross-complaint is an affirmative action, and in such cross-complaint affirmative relief is prayed for. It is not in the nature of a defense to the plaintiff's cause of action, but is a cause of action alleged by the defendant against the plaintiff.

The complaint is based upon the following written contract:

"Kooskia, July 21, 1911.

"For and in consideration of the sum of One Dollar, the receipt of which is hereby acknowledged, I have this date sold to the Vollmer Clearwater Co., Ltd., and the Vollmer Clearwater Co., Ltd., hereby agrees to buy 300 sacks of #1 Timothy seed at $7.00 per hundred, to be delivered at Vollmer Clearwater Co., Ltd., warehouse at Kooskia Tram on or before Oct. 1st, 1911. Settlement to be on basis usual deductions of one pound to the sack tare, grain to be in new bags, or if barley or oats buyer will accept it in No. 1 second bags, free from holes. Grades and weights to be governed by usual grading as established by State of Washington, and to be accepted by seller at local—terminal warehouses. All indebtedness of seller to purchaser to be deducted from purchase price and time stipulated for delivery is to be of essence of this contract.

"VOLLMER CLEARWATER CO., LTD.

"By E. A. DECKER.

"Approved W. A. GRUNEWALD."

The complaint alleges a breach of this contract and damages are demanded.

In the answer the defendant denies that upon the date alleged in the complaint the plaintiff and defendant entered

into a contract by the terms of which "the defendant agreed to sell and the plaintiff agreed to buy and receive three hundred sacks of No. One timothy seed at the price of $7.00 per hundred pounds, or at any other price other than the prevailing market price upon the first day of October, 1911, and denies that the memorandum of contract set forth in plaintiff's complaint. is the contract which was made by this answering defendant and the plaintiff in this action." And also denies that the plaintiff, on or about October 1st, or at any other time, neglected to deliver said timothy seed in accordance with the contract made, and alleges that he has always been ready and willing to deliver timothy seed up to the 1st day of October, 1911, at the prevailing market price; denies that he has failed to comply with his contract, or that the plaintiff has kept or performed all or any of its obligations, and denies that there is anything due.

The question is raised that the denials in this answer are insufficient, and as such do not state a defense to the plaintiff's cause of action as alleged in the complaint. This presents a very serious question, but it is unnecessary to enter into a discussion of the same, for the reason that in the opinion of the court the showing made as to mistake, inadvertence, surprise and excusable neglect was insufficient to authorize the trial court in setting aside the judgment, and if such showing was insufficient, it was immaterial whether the answer presented facts showing merits or not.

Second, did the respondent make such a showing of mistake, inadvertence, surprise or excusable neglect as to justify the trial court to open the default? The facts in this case and the rule governing the same fall clearly under the rule announced by this court in the case of *Harr v. Kight*, 18 Ida. 53, 108 Pac. 539. The facts are similar in many instances in both cases. In the present case there was personal service of summons at Grangeville, in the county where the action had been brought, on the 2d day of November, 1911. The defendant resided in said county and was at the county seat where the action was commenced at the time such service was made. He was advised by the summons of the fact that the

suit had been commenced and the time within which he should answer. He knew that an action had been commenced against him, for he immediately went to counsel for plaintiff and talked compromise and settlement. He afterward, on the 15th or 16th day of November, went to an attorney on other business and left with him a copy of complaint and summons. The attorney had not been previously employed as attorney in the case, and was not employed at that time as attorney in the case, but he retained the papers given him by respondent. He was not authorized, however, to appear in the case or file an answer. It seems that respondent was attempting to make some compromise in the matter, and it is apparent was perfectly indifferent as to a defense in the action, but was only awaiting time. There was no time, however, agreed upon or granted by the plaintiff or any intimation given by the plaintiff that time would be given or that judgment would not be taken in accordance with the commands of the summons. No extension of time was asked by the respondent and no reason is given by either the respondent or his counsel why he did not appear in the case, and no showing made that he could not appear in the case within the time required, or that he informed the plaintiff that he had any defense or intended to appear, but the facts show extreme and gross negligence on the part of the respondent.

As said by this court in the above case of *Harr v. Kight,* "If this court should reverse this case and hold that the trial court abused its discretion in refusing to open the default, then there would scarcely be a default judgment but that a sufficient showing could be made to set the same aside. Litigation would be delayed and prolonged and the statute fixing the time within which an answer or demurrer must be filed would practically be nullified."

If this court should recognize the showing made in this case as a legal ground for opening a default, then the commencement of an action and the service of process would have very little force or effect in affording a basis for a judgment, and any mere pretense on the part of the defendant that he depended upon his attorney to appear and the excuse of the

attorney that he mistook the time would open any default, and a default judgment would have no real binding effect whatever.

We are of the opinion that the trial court erred in opening the default and setting aside the judgment. The order of the trial court made on the 29th day of February, 1912, opening the default and setting aside the judgment entered in said case on the 27th day of November, 1911, is *reversed.* Costs awarded to the appellant.

Sullivan, J., concurs.

Ailshie, J., sat at hearing but took no part in this opinion.

Petition for rehearing denied.