Points Decided.

---

(April 28, 1915.)

## S. P. DOMER, Appellant, v. WESLEY C. STONE, EMMA F. STONE and SAMUEL R. STERN, Respondents.

[149 Pac. 505.]

APPEARANCE—HOW MADE—NOTICE—DEFAULT—HOW VACATED.

1. Sec. 4892, Rev. Codes, provides that "a defendant appears in an action when he answers, demurs, or gives the plaintiff written notice of his appearance, or when an attorney gives written notice of appearance for him. . . . . "

2. The written notice of appearance contemplated by said section is a statement in writing by the defendant or his attorney whereby the plaintiff is informed that the defendant has appeared, generally or specially, in the case and has submitted himself to the jurisdiction of the court.

3. A motion that a nonresident plaintiff be required to give security for costs is not an appearance as contemplated by said section.

4. In a case where such a motion has been made and such security has been given, if the defendant fails to appear, as provided in said sec. 4892 within the time specified in the summons, his default may be properly entered.

5. A nonresident plaintiff upon whom demand for security for costs has been made is not required to give notice to the defendant when such security is given, neither is the defendant, who has failed to appear, entitled to other or additional notice than that contained in the summons that the plaintiff will apply for a default against him.

6. When a default has been regularly and properly entered it can be vacated only upon a satisfactory showing being made that the defendant has a meritorious defense to the action and that he has failed to answer, or otherwise appear, by reason of mistake, inadvertence, surprise or excusable neglect.

7. In order to vacate a default it is incumbent upon the defendant to show that his mistake was one of fact and not of law, and the neglect of a lawyer to familiarize himself with the law governing the practice of the forum wherein his case is pending cannot be held to be excusable.

APPEAL from the District Court of the Second Judicial District for the County of Idaho. Hon. Edgar C. Steele, Judge.

Order vacating default and setting aside judgment. *Reversed.*

H. Taylor and A. S. Hardy, for Appellant.

No appearance will stop the running of the time or the entry of a default except an answer; of course this answer may be an answer upon the merits or it may be a demurrer, which is an answer at law. But an answer in one of these ways must be made within the time provided. (*Morbeck v. Bradford-Kennedy Co.,* 19 Ida. 83, 113 Pac. 89; *Naderhoff v. Geo. Benz & Sons,* 25 N. D. 165, 141 N. W. 501, 47 L. R. A. N. S., 853; *Donlan v. Thompson Falls Copper & Milling Co.,* 42 Mont. 257, 112 Pac. 445.)

In all of the following cases a default was held to have been properly entered without notice of the application for same, pending a motion of some sort in the case, but without answer having been made as required by statutes similar to ours: *McDonald v. Swett,* 76 Cal. 257, 18 Pac. 324; *Ripley v. Astec Min. Co.,* 6 N. M. 415, 28 Pac. 773; *Pennie v. Visher,* 94 Cal. 323, 29 Pac. 711.

And in the following cases it has been held that a motion to quash the summons does not prevent the entry of a default: *Mantle v. Casey,* 31 Mont. 408, 78 Pac. 591; *Garvie v. Greene,* 9 S. D. 608, 70 N. W. 847; *Shinn v. Cummins,* 65 Cal. 97, 3 Pac. 133; *Risher v. Morgan,* 56 Ind. 172; *Higley v. Pollock,* 21 Nev. 198, 27 Pac. 895, 899.

No notice of the application for a default is ever required. (*Hall v. Whittier,* 20 Ida. 120, 116 Pac. 1031.)

"Courts will not readily afford relief from one's own fault or error of judgment." (*Council Imp. Co. v. Draper,* 16 Ida. 541, 102 Pac. 7; *Vollmer Clearwater Co. v. Grunewald,* 21 Ida. 777, 124 Pac. 278; *Holzeman v. Henneberry,* 11 Ida. 428, 83 Pac. 497; *Pearce v. Butte Elec. Ry. Co.,* 40 Mont. 321, 106 Pac. 563; *Redding Gold etc. Min. Co. v. National Surety Co.,* 18 Cal. App. 488, 123 Pac. 544; *Peterson v. Crosier,* 29 Utah, 235, 81 Pac. 860; *Shearman v. Jorgensen,* 106 Cal. 483, 39 Pac. 863; *Myers v. Landrum,* 4 Wash. 762, 31 Pac. 33; *Harr v. Kight,* 18 Ida. 53, 108 Pac. 539.)

Reed & Boughton, S. R. Stern and W. N. Scales, for Respondents.

The power of the court should be freely and liberally exercised under the statute to mold and direct these proceedings so as to dispose of cases upon their substantial merits. (*Holzeman v. Henneberry,* 11 Ida. 428, 83 Pac. 497; *Hamilton v. Hamilton,* 21 Ida. 672, 123 Pac. 630; *Humphreys v. Idaho G. M. Co.,* 21 Ida. 126, 120 Pac. 823, 40 L. R. A., N. S., 817; *Jergins v. Schenck,* 162 Cal. 747, 124 Pac. 426; *O'Brien v. Leach,* 139 Cal. 220, 96 Am. St. 105, 72 Pac. 1004.)

MORGAN, J.—On February 25, 1914, the appellant filed in the district court of the second judicial district in and for Idaho county his complaint against the respondents in a suit to quiet title to 160 acres of land situated in said county. Summons was thereupon duly issued and, upon proper showing, it was ordered that personal service of the summons be made upon the respondents outside the state of Idaho in lieu of publication thereof. It appears from the record that personal service of said summons was made upon the respondents in the city of Spokane, Washington, on the 30th day of March, 1914. On April 22, 1914, the respondents filed a motion, supported by an affidavit, that the appellant be required to give security for costs upon the ground that he was a nonresident of the state of Idaho, and upon May 5, 1914, a cost bond in the sum of $300 was filed in said cause by the appellant. On May 19, 1914, neither of said respondents having answered, demurred or appeared otherwise than as above stated, their default was entered by the clerk of the court, and thereafter and on the 25th day of May, 1914, the court having heard and considered appellant's proof, decree was entered as prayed for in the complaint. Thereafter and on June 3, 1914, the respondents moved the court to vacate, set aside and relieve them from the judgment and decree taken as above stated, said motion being based on the ground of mistake, inadvertence, surprise and excusable neglect on the part of said respondents and of each of them. Said motion was supported by the affidavit of Samuel R.

Stern, one of the respondents, was accompanied by an answer to said complaint and was based upon the facts disclosed by said affidavit and answer and upon the records and files of the action. The motion was opposed by the appellant, and two affidavits by H. Taylor, Esq., of counsel for the appellant, were filed in opposition thereto. Upon the showing so made and upon the hearing of argument the trial judge, on September 30, 1914, made an order that the said motion be granted, that the respondents and each of them be relieved from said judgment and decree, that the said default be vacated and the judgment be set aside and that said action be tried upon its merits. From which order, so made and entered, this appeal is prosecuted.

Under the practice prevailing in Idaho an application to vacate a default may be based upon one of two grounds, or upon both:

1. That the default has been improperly or prematurely entered;

2. That while the default has been regularly and properly entered, the defendant has failed to answer or otherwise appear by reason of mistake, inadvertence, surprise or excusable neglect.

Both of these grounds are relied upon by respondents in this case. They insist that their motion to require appellant to give security for costs amounted to an appearance as defined by sec. 4892, Rev. Codes, which provides, in part, as follows:

"A defendant appears in an action when he answers, demurs or gives the plaintiff written notice of his appearance, or when an attorney gives written notice of appearance for him."

Respondents contend that, having appeared, they were entitled to notice that appellant would move for a default. In this respondents are in error. The written notice of appearance contemplated by said section is a statement in writing by the defendant or his attorney whereby the plaintiff is informed that the defendant has appeared, generally or

specially, in the case and has submitted himself to the jurisdiction of the court. The paper filed by the respondents in this case contained no such information. Its object was to require appellant to give security for costs and it neither possessed nor expressed any other purpose. Said section of the statute was before this court for construction in the case of *Washington County Land & Development Co. v. Weiser National Bank*, 26 Ida. 717, 146 Pac. 116, wherein it was held that a stipulation entered into between the parties and filed in the case with the clerk of the court did not constitute written notice to the plaintiff of the appearance of the defendant and was not an appearance as defined by said section.

The statutory time within which the respondents might answer, demur or make written appearance having expired, and they having failed to do so, their default was properly entered.

The affidavit in support of the motion to set aside the default was made by Samuel R. Stern, Esq., one of the respondents, who is an attorney at law engaged in the practice of his profession in Spokane, Washington, and in that vicinity. Mr. Stern states in his affidavit, among other matters, as follows: "That under the practice obtaining in the state of Washington it is customary to notify counsel who has appeared in the case when a cost bond thus demanded is filed; but that no notice was given to these defendants or their attorneys of the filing of a cost bond herein, for which reason these defendants failed to plead in the case." Said affiant further says: "That he was greatly taken by surprise upon learning such default had been taken, no notice of application having been given to him or his attorneys in the case."

There is no law in Idaho requiring that the adverse party be given notice that a bond for costs has been filed pursuant to motion, nor is there any law in this state requiring that notice, other than that contained in the summons, be given that a default will be applied for in case said adverse party has failed to appear as provided by law, and if it has ever

been the practice or custom to give such notice in any part of the state, we have never heard of it.

The respondent should have filed a demurrer or answer at the time they moved that appellant be required to give security for costs. By so doing they would have prevented the default being taken against them and would not have been held to have waived their right to such security. (*Kissler v. Budge,* 24 Ida. 246, 133 Pac. 125.)

The only reason disclosed by the affidavit for failure to answer before the default was taken is based upon the practice or custom above referred to, prevailing in the state of Washington, pursuant to which, no doubt, the respondent, Stern, relied upon the appellant, who is also an attorney at law engaged in the practice of his profession in Spokane, to notify him when the bond to secure the payment of costs was filed. It appears that the management of the case was in the hands of appellant's attorneys, who reside in Idaho, and it does not appear that anything was said or done to mislead either the respondents or their counsel, or to prevent them from appearing and answering as they were warned by the summons they must do.

The rule is well settled in Idaho that where a trial court, in the exercise of its sound judicial discretion, upon a proper showing that a defendant, who has a meritorious defense, has failed to appear and answer by reason of his mistake, inadvertence, surprise or excusable neglect, sets aside the default which has been entered against him, its action in so doing will not be reversed upon appeal. In order to bring himself within this rule, however, the defendant must show that his mistake was one of fact and not of law. The neglect of a lawyer to familiarize himself with the law governing the practice of the forum where his case is pending cannot be held to be excusable. When a defendant, having received the warning given him by the plain terms of a summons, chooses to disregard it and to ignore the laws of the state governing the court from which it was issued, and when he elects to rely upon the purely imaginary security of the rules of practice of, or customs prevailing in, another state, if a default judg-

ment is taken against him the courts are not invested with discretionary power to grant him relief from it. (*Holzeman v. Henneberry,* 11 Ida. 428, 83 Pac. 497; *Harr v. Kight,* 18 Ida. 53, 108 Pac. 539; *Morbeck v. Bradford-Kennedy Co.,* 19 Ida. 83, 113 Pac. 89; *Hall v. Whittier,* 20 Ida. 120, 116 Pac. 1031; *Vollmer Clearwater Co. v. Grunewald,* 21 Ida. 777, 124 Pac. 278; *State ex rel. Mills v. American Surety Co. of N. Y.,* 26 Ida. 652, 145 Pac. 1097.)

The default was properly entered, and it does not appear from the showing made that the respondents' failure to appear and answer was due to their mistake of fact, inadvertence, surprise or excusable neglect, and the motion to vacate the default and set aside the judgment should have been denied.

The said order is reversed and costs are awarded to appellant.

Sullivan, C. J., and Budge, J., concur.

Petition for rehearing denied.