300 P.2d 811

Fourth F. THOMAS and Ruby I. Thomas, Plaintiffs-Respondents,

v.

John H. STEVENS and Mary M. Stevens; The State of Idaho; and all unknown owners of or claimants to the following described real property situate in Latah County, State of Idaho, to-wit: Lots One (1), Two (2), Three (3) and Four (4) and a tract of land consisting of 32.5 acres, more or less, in the Southeast Quarter of the Northwest Quarter (SE ¼ NW ¼) all in Section Three (3), Township Forty-one (41) North, Range Four (4) West of the Boise Meridian, said tract of 32.5 acres being more particularly described as follows: Beginning at a point 188 feet East of the Southwest corner of said Southeast Quarter of the Northwest Quarter (SE ¼ NW ¼) of Section Three (3), in the center of the Gold Hill Road, thence 400 feet in a Northwesterly direction along the center of said Gold Hill Road, thence turning in a Northeasterly direction along the center of said Gold Hill Road to a point 422.4 feet East of the Northwest corner of the Southeast Quarter of the Northwest Quarter (SE ¼ NW ¼) of Section Three (3), thence East to the Northeast corner of said Southeast Quarter of the Northwest Quarter (SE ¼ NW ¼), thence South along the East line of said Southeast Quarter of the Northwest Quarter (SE ¼ NW ¼) to the Southeast corner of said Southeast Quarter of the Northwest Quarter (SE¼ NW ¼) and thence along the South line of said Southeast Quarter of the Northwest Quarter (SE ¼ NW ¼) to the point of beginning, Defendants-Appellants.

No. 8381.

Supreme Court of Idaho.

Aug. 17, 1956.

J. H. Felton and William J. Jones, Lewiston, for appellants.

Felton & Bielenberg, Moscow, for respondents.

BAKER, District Judge.

In September, 1953, plaintiffs, (respondents) contracted to sell to the defendants (appellants) a tract of land in Latah County including the South half of the Northeast quarter of Section Three, Township Forty-one North, Range Four West of the Boise Meridian, hereinafter referred to as the "omitted land", for the agreed price of $41,700 which included mortgage then incumbering the premises and assumed by the purchasers. The sum of $70 was paid upon the execution of the contract and the balance of the purchase price, exclusive of the mortgage, was payable to the plaintiffs at the rate of $2,000 plus interest annually on November 1st beginning in the year 1954. The defendants also agreed to pay, before delinquency, taxes assessed against the land during the year 1953 and subsequent years. Farm machinery and crops then on the land were also sold to the defendants for the sum of approximately $15,000. The purchase price of the machinery and crops was paid by the defendants who took title. The defendants entered into possession of the land and received the crops for the years 1953 and 1954. The defendants defaulted after demand for performance in accordance with the contract.

On February 23, 1955, plaintiffs commenced this suit in form to quiet title. The defendants are the purchasers, the State of Idaho and the unknown owners of the land, described only in the title to the suit. In all pleadings, to and including decree, the land is not described as in the contract

of sale but it is conceded that except for the omitted land all property included in the contract of sale is actually described. The omitted land first appeared in the motion to vacate the writ of assistance.

Personal service was made upon the defendants-purchasers. There was no appearance by them and on March 23, 1955, after the expiration of the time allowed for appearance, default was entered by the clerk. On April 1, 1955, default proof was submitted and decree was signed and filed quieting plaintiffs' title to the land as described in the pleadings, that is, the land described in the contract of sale except the omitted land. On May 16, 1955, plaintiffs made ex parte application for and procured the issuance of writ of assistance by which the sheriff was directed to put the plaintiffs in possession. In the writ the property was described as in the suit and not as in the contract of sale. The writ was served upon the defendants and the plaintiffs were placed in possession of all tillable land, including that on the omitted land, but the defendants were not ousted from the dwelling house and other buildings all of which were on the omitted land.

On May 24, 1955, the defendants filed their motion to vacate the default decree and to quash the writ of assistance upon the ground of mistake, inadvertence, surprise and excusable neglect, under the authority of Section 5–905 I.C., and "through fraud practiced on the defendants by the plaintiffs". The showing in support of the motion, in form of affidavit of the defendant, John H. Stevens, will later be noticed. The defendants did not then or at any time tender answer to the complaint.

On June 10, 1955, defendants filed a second motion to set aside the decree, to quash the writ of assistance and asked the court to require plaintiffs to amend their complaint to include the omitted land. The admitted purpose of the last named object was to give to the defendants a right, as of course, to answer the complaint as amended.

The motion came on for hearing on July 26, 1955. The defendants declined to offer evidence in support of their motions basing their refusal, as stated by their counsel, upon the critical condition of the health of Mrs. Stevens with consequent ill effects upon her husband, John H. Stevens. The defendants did not request postponement or continuance. Plaintiff, Fourth F. Thomas, and the real estate dealer who made the sale testified. The motions of the defendants were denied. Defendants have appealed. The parties will be referred to as they appeared in the trial court.

■ To entitle a defendant under the provisions of Section 5–905 I.C., to vacation of a default decree, he must show that the judgment was taken against him by reason of his "mistake, inadvertence, surprise or excusable neglect" and must also

plead facts which, if established, would constitute a defense to the action. Mere mistake, inadvertence, surprise or excusable neglect without disclosure of meritorious defense or meritorious defense without disclosure of mistake, inadvertence, surprise or excusable neglect will not suffice. Holland Bank v. Lieuallen, 6 Idaho 127, 53 P. 398; Holzeman & Co. v. Henneberry, 11 Idaho 428, 83 P. 497; Beck v. Lavin, 15 Idaho 363, 97 P. 1028; Culver v. Mountain Home Elec. Co., 17 Idaho 669, 107 P. 65; Harr v. Kight, 18 Idaho 53, 108 P. 539; Parsons v. Wrble, 19 Idaho 619, 115 P. 8; Hall v. Whittier, 20 Idaho 120, 116 P. 1031; Consolidated W & M Co. v. Housman, 38 Idaho 343, 221 P. 143; Wagner v. Mower, 41 Idaho 380, 237 P. 118; Miller v. Brinkman, 48 Idaho 232, 281 P. 372; Voellmeck v. Northwestern Mutual L. Ins. Co., 60 Idaho 412, 92 P.2d 1076.

▇▇▇ The facts constituting the mistake, inadvertence, surprise or excusable neglect, upon which the moving party relies, must be detailed and made to appear; the conclusion of the party or his attorney is not sufficient. The question is one of fact for determination, in the first instance, by the trial court. Hall v. Whittier, supra; Vollmer Clearwater Co. v. Grunewald, 21 Idaho 777, 124 P. 278; Occidental Life Ins. Co. v. Niendorf, 55 Idaho 521, 44 P.2d 1099. The mistake, if that be the ground of the motion, must be of fact and not of law. Domer v. Stone, 27 Idaho 279, 149 P. 505; Valley State Bank v. Post Falls L & W Co., 29 Idaho 587, 161 P. 242; Kingsbury v. Brown, 60 Idaho 464, 92 P.2d 1053, 124 A.L.R. 149. If neglect be the basis of the motion it must appear it was "excusable", Sec. 5-905 I.C., that is such neglect as might be expected of a reasonably prudent person under the same circumstances; mere indifference or inattention will not excuse. Atwood v. Northern Pac. Ry. Co., 37 Idaho 554, 217 P. 600; Savage v. Stokes, 54 Idaho 109, 28 P.2d 900; Kynaston v. Thorpe, 29 Idaho 302, 158 P. 790; Curtis v. Siebrand Bros. Circus & C. Co., 68 Idaho 285, 194 P.2d 281; Orange Transportation Co., v. Taylor, 71 Idaho 275, 230 P.2d 689; Stoner v. Turner, 73 Idaho 117, 247 P.2d 469.

▇▇▇ The facts constituting the defense, whether disclosed by answer, affidavit or both, must also be detailed and must be sufficient, when established, to constitute a defense to the action on its merits. The conclusion of the party or his attorney that the defendant has a good defense is not sufficient. Whether the pleaded facts are sufficient to constitute a defense is also one for the trial court. Holland Bank v. Lieuallen, supra; Holzeman v. Henneberry, supra; Beck v. Lavin, supra; Culver v. Mountain Home Elec. Co., supra; Parsons v. Wrble, supra; Hall v. Whittier, supra; Harr v. Kight, supra; Vollmer Clearwater

Co. v. Grunewald, supra; Miller v. Brinkman, supra; State ex rel. Sweeley v. Braun, 62 Idaho 258, 110 P.2d 835.

■ With these principles in mind we examine the affidavit of John H. Stevens, on behalf of the defendants, to determine its sufficiency first as to the claim of excusable neglect, etc. In the affidavit service of summons and complaint is admitted. It is recited in the affidavit that affiant

"was unacquainted with court procedures and did not understand the purport thereof; that such complaint said nothing whatsoever about their contract, and that they believed that such complaint was served only for the purpose of clearing the title to the lands so that their transaction could be completed; that directly thereafter the plaintiff, Fourth F. Thomas, talked with the affiant and assured him that if affiant would proceed as rapidly as possible to the sale of the place that all such plaintiffs wished was their money and that this proceeding could go ahead for the purpose of clearing the title".

Aside from the implication in the affidavit, there is nothing in the entire record to indicate that the title to the premises was defective or that a suit to quiet title was necessary or contemplated. No facts are set forth or appear to support or justify the belief of the defendants that "such complaint was served only for the purpose of clearing the title to the lands so that their transaction could be completed". The defendants were the first named; no other individual was sued. The complaint, personally served, contained the allegation:

"That the above-named defendants —claim to have some right, title, estate or interest in and to the property described in the title to this action—but that the claim of said defendants and each of them to said premises is inferior and subject to the superior title of the plaintiffs herein".

The prayer of the complaint was for decree that the plaintiffs are the sole owners in fee simple of the above described premises;—and that neither of the defendants has any right, title, estate or interest in said premises. The summons notified the defendants that unless they appeared in the action within twenty days from the date of service "the plaintiffs will take judgment against you as prayed in said complaint". Despite the ominous character of the warning and the demand the defendants did nothing. They were inattentive and neglectful but their neglect was inexcusable and was not such as could be expected of reasonably prudent persons under the same circumstances.

Plaintiff, Fourth F. Thomas, testified at the hearing. He said he had a conversation with defendant, John H. Stevens, after the

commencement of the suit but unequivocally denied any agreement of the character claimed, gave an entirely different version of the conversation and denied that he had offered any concessions to the defendants. The issue was submitted to, was considered and determined by the trial court. The trial court's decision was adverse to the contention of the defendants and is supported by competent evidence. The sufficiency the the evidence to sustain the court's implied finding is not questioned. We must assume the plaintiffs' version is correct.

Noncompliance with the contract is admitted. There is no tender of performance, no allegation of ability or willingness to perform even in part. The tone of the affidavit indicates that defendants have no hope of performing.

■ The affidavit so far as it relates to a defense is largely a recital of conclusions only and not of facts. It contains the valueless recital that affiant "was advised by his counsel that he has a good, valid and sufficient defense to such action". The portions of the affidavit which are evidently designed to show a defense are:

"—that the plaintiffs represented to them that from the crops to be planted upon said lands and premises they would be able to realize sufficient moneys wherewith to make the payments on the escrow agreement, and, being unacquainted with farming, depended upon the representations of the plain-

tiffs for such information, which representations were false;

"That the plaintiffs further represented that there was a sufficiency of water upon said lands and premises, but that such representation was false".

The insufficiency of the allegations to establish or to warrant recovery upon the ground of fraud in any type of action is apparent. Nothing is said of several of the essentials of actionable fraud.

We repeat that the defendants did not tender answer with their motion. They do not say they have rescinded or will attempt to rescind, do not offer to return the property upon payment of the sums they have paid and do not assert a right to retain possession until such payment is made. Rescission is not pleaded or sought by answer and cross complaint. Defendants do not allege damage or express a purpose to recover damages in any of the methods available to a defrauded purchaser. The allegations are wholly insufficient to justify either rescission or recovery of damages. Defendants do not state what defense they have or how they intend to establish it; do not show a reason for resisting plaintiffs' assertion of ownership or by what right they assert claim to possession. The affidavit fails to show a meritorious defense to the action and the trial court did not err in refusing to grant defendants' motion to vacate the decree.

274

At various places in the affidavit it is stated that the investment of the defendants in the farm, farm machinery and crops constitute their life savings. There is no contrary evidence. How such a distressing situation has anything to do with the questions of excusable neglect or meritorious defense is not apparent. The emotional appeal of the prospect of loss by the defendants is somewhat lessened by the undisputed evidence that the defendants received the crops for the years 1953 and 1954 and the machinery and that, when the plaintiffs had come to doubt the ability of the defendants to pay and successfully to farm, plaintiffs proposed to the defendants that the deal be called off and that the purchase price paid be returned. Defendants promptly rejected the proposal.

The questions of the effect of the failure of the plaintiffs to include the omitted land in this action, what the plaintiffs lost, if anything, what the defendants gained, if anything, and the effect of the restoration to the plaintiffs by the writ of assistance of more land than described in the decree are not involved on this appeal from the order denying defendants' motion to vacate the decree, and have not been considered or decided.

The order appealed from is affirmed with costs to respondents.

TAYLOR, C. J., KEETON, ANDERSON and SMITH, JJ., concur.