(May 25, 1915.)

WILLIAM NUESTEL, Respondent, v. SPOKANE IN-
TERNATIONAL RAILWAY CO., a Corporation,
Appellant.

[149 Pac. 462.]

DEFAULT—JUDGES—POWER OF AT CHAMBERS—TESTIMONY—JUDGMENT—
ENTRY OF—NOTICE OF TO DEFENDANT—DISCRETION OF JUDGE.

1.   Where a default has been entered in a case where unliquidated damages are claimed, under the provisions of subd. 17 of sec. 3890, Rev. Codes, the judge has power and jurisdiction to hear testimony and to enter judgment at chambers, and the judgment so entered has the same force and effect as though entered in open court.

2.   Where default has been entered, it is not necessary to give the defendant in default notice that the judge is going to proceed and hear testimony at chambers and enter judgment.

3.   An application to set aside a default is addressed to the sound, legal discretion of the trial court, and unless it is made to appear that such discretion has been abused, the order made on such application will not be disturbed upon appeal.

APPEAL from the District Court of the Eighth Judicial District for Kootenai County.   Hon. Robert N. Dunn, Judge.

Action to recover damages for the killing of certain animals by the defendant railway company.   Judgment for plaintiff. Affirmed.

E. R. Whitla and Allen & Allen, for Appellant.

All of the proceedings upon which the application to set aside the default and judgment were taken appear in the

record. The court heard the case upon affidavits and no oral testimony was introduced; so that this court will hear and determine this question now the same as if the matter had been presented to it in the first instance and will review the court's decision and exercise its own discretion in the matter the same as the trial court is authorized to do in such cases. (*Van Camp v. Emery*, 13 Ida. 202, 89 Pac. 752; *Council Improvement Co. v. Draper*, 16 Ida. 541, 102 Pac. 7.)

By sec. 4360, Rev. Codes, subd. 2, it is contemplated that such cases will remain upon the calendar after the entry of default and be set for hearing at the next term, but in this case the judgment was entered *ex parte* at chambers without notice to any person whatever. This section of the statute provides for the court hearing cases and entering judgments and not for the judge to do so at chambers. Upon this proposition, we think, the plaintiff could only have the court to enter judgment at a time when the defendant would be present and allow an opportunity to contest the amount of damages. (*Parke v. Wardner*, 2 Ida. 263, 285, 287, 13 Pac. 172; *Ruth v. Smith*, 29 Colo. 154, 68 Pac. 278; 2 Sutherland on Damages, 3d ed., sec. 429; 6 Ency. Pl. & Pr. 132; *Ballard v. Purcell*, 1 Nev. 342, 343.)

Even though in default the defendant has a right to question the amount of damages, to cross-examine the witness and to object to incompetent evidence being introduced. (6 Ency. Pl. & Pr. 136–138, and notes; 2 Sutherland on Damages, 3d, ed., sec. 430.)

"After the defendant has appeared in an action he is entitled to notice of the assessment of damages which should always be given." (10 Ency. Pl. & Pr. 1140; *Searles v. Lawrence*, 8 S. D. 11, 65 N. W. 34.)

"The power of the court should be freely and liberally exercised under the statute, to mold and direct its proceedings, so as to dispose of cases upon their substantial merits." (*Hamilton v. Hamilton*, 21 Ida. 672, 123 Pac. 630; *O'Brien v. Leach*, 139 Cal. 220, 96 Am. St. 105, 72 Pac. 1004.)

C. H. Potts and Bert A. Reed, for Respondent.

Defendant failed to plead to the amended complaint within the time allowed by law, and upon such failure, judgment by default could be entered, as in other cases. This brought the case within the provisions of sec. 4360, Rev. Codes, the same as though no appearance had ever been made by the defendant. (*Hall v. Whittier*, 20 Ida. 120–125, 116 Pac. 1031.) The defendant was not entitled to any notice of this application, and this was, therefore, not a ground on which to base a motion to vacate the judgment and set aside the default. (*Hall v. Whittier, supra.*)

"After default a defendant cannot be heard to contest the subsequent proceedings, and certainly it would be a useless thing to require notice of such proceedings to be served upon him." (*Norris v. Campbell*, 27 Wash. 654, 68 Pac. 339; *Hyde v. Heaton*, 43 Wash. 433, 86 Pac. 664; *General Litho. Co. v. American Trust Co.*, 55 Wash. 401, 104 Pac. 608.)

"An application to set aside and vacate a judgment is addressed to the sound legal discretion of the court, and unless it appears that such discretion has been abused, the order will not be disturbed upon appeal." (*Culver v. Mountainhome Electric Co.*, 17 Ida. 669, 107 Pac. 65; *Harr v. Kight*, 18 Ida. 53, 108 Pac. 539; *Vollmer Clearwater Co. v. Grunewald*, 21 Ida. 777, 124 Pac. 278; *Richards v. Richards*, 24 Ida. 87, 132 Pac. 576; *Baker v. Knott*, 3 Ida. (Hasb.) 700, 35 Pac. 172; *Holland Bank v. Lieuallen*, 6 Ida. 127, 53 Pac. 398; *Thum v. Pyke*, 6 Ida. 359, 55 Pac. 864; *Pease v. County of Kootenai*, 7 Ida. 731, 65 Pac. 432; *Holzeman v. Henneberry*, 11 Ida. 428, 83 Pac. 497; *Western Loan & Savings Co. v. Smith*, 12 Ida. 94, 85 Pac. 1084; *Vane v. Jones*, 13 Ida. 21, 88 Pac. 1058; *Pittock v. Buck*, 15 Ida. 47, 96 Pac. 212; *Council Imp. Co. v. Draper*, 16 Ida. 541, 102 Pac. 7; *Morbeck v. Bradford-Kennedy Co.*, 19 Ida. 83, 113 Pac. 89; *Humphreys v. Idaho Gold Mines Development Co.*, 21 Ida. 126, 120 Pac. 823, 40 L. R. A., N. S., 817; *Brooks v. Orchard Land Co., Ltd.*, 21 Ida. 212, 121 Pac. 101; *Hamilton v. Hamilton*, 21 Ida. 672, 123 Pac. 630.)

Where a defendant suffers a default to be taken against it because of its failure to employ Idaho attorneys to look after its cases pending in the courts of Idaho, it should receive scant consideration. (*Manning v. Roanoke etc. R. Co.*, 122 N. C. 824, 28 S. E. 963; *Jett v. Herald*, 23 Ky. L. 9, 62 S. W. 264; *Union etc. Ins. Co. v. Lipscomb* (Tex. Civ.), 27 S. W. 307; *Benedict v. Hadlow Co.*, 52 Fla. 188, 42 So. 239; *Bank of Glade Springs v. Palmer*, 153 N. C. 501, 69 S. E. 507.)

SULLIVAN, C. J.—This action was brought to recover the alleged value of five cows and three calves, alleged to have been killed by the defendant railway company. The original complaint was filed in said action on the 24th day of October, 1913, and the defendant, who is appellant here, demurred to said complaint. Thereafter on December 30, 1913, and before the court had passed upon said demurrer, the plaintiff filed his amended complaint, which amended complaint was served upon the resident attorney for the railroad.

On the 31st of that month, the resident attorney's term of service with the railroad company expired, and on that day he transmitted a copy of the amended complaint to Messrs. Allen & Allen at Spokane, Washington, inclosing a letter therewith calling said attorneys' attention to said amended complaint and requesting that they attend to the matter as his contract of employment with the railroad company had terminated.

No demurrer or answer was filed to said amended complaint and on January 10, 1914, the time for said defendant to plead to said amended complaint having expired and no pleading having been served or filed, the plaintiff applied to the clerk of the district court for a default against the defendant and default was entered on that day. On the 12th of January, 1914, two days after default had been entered, the plaintiff appeared before the district court and offered evidence in support of the damage claimed by him, and the court heard the evidence and thereupon entered judgment in his favor for the amount prayed for in the complaint, with interest.

It appears that on the 12th of January, 1914, one of the Spokane attorneys wrote a letter to one of the attorneys for

the plaintiff requesting an extension of time to February 1st in which to answer said amended complaint, and in response to that letter the attorney replied that a judgment had been entered in the case on the 12th of January, which, it seems, was the first intimation the attorneys for appellant had that a default had been entered in said case. It seems that the member of the firm of Allen & Allen who had attended to the railroad company's business had been quite ill for some time and the matter was overlooked.

Some time thereafter an application was made to set aside said default and a hearing noticed for February 7, 1914. The application was based upon affidavits and the records and files. Said motion was presented to the court and taken under advisement by him and thereafter the motion to set aside the default was denied. This appeal is taken from the order denying said motion.

The order denying the motion to set aside the default and judgment is based on two grounds: 1. That the answer does not set forth a meritorious defense; and 2. That the application to set aside said default was without any merit whatever.

Appellant assigns three errors. The first two relate to the proposition that the trial court could not render judgment at chambers without giving notice to the defendant, even though it was in default.

At the time the amended complaint was served and filed, the case was pending on a demurrer to the original complaint. There had been no trial of the issue of law raised by the demurrer, but under the provisions of sec. 4228, Rev. Codes, the plaintiff had a right to serve and file an amended complaint, and the defendant was required to answer or demur thereto within ten days after such service and filing. Under the provisions of sec. 4176, when an amended complaint is filed and the defendant fails to plead thereto within the time provided by statute, judgment may be entered by default the same as in other cases.

In this case the amended complaint was served on December 30, 1913, and the defendant had ten days thereafter to

plead to said amended complaint. It failed to do so within the time allowed by law, and upon such failure judgment by default might be entered as in other cases.

But it is contended that the judge at chambers has no authority to hear testimony and enter judgment in default cases. There is nothing in that contention. Subd. 17 of sec. 3890, Rev, Codes, provides that a district judge has power to enter defaults and to hear testimony thereon and to enter judgment in default cases where there has been no appearance or pleading filed within the time prescribed by statute, and to give the judgment the same force and effect as though entered in open court.

This court held in *Washington County Land & Dev. Co. v. Weiser Nat. Bank,* 26 Ida. 717, 146 Pac. 116, that in case the defendant failed to appear, answer, demur or otherwise plead within the time prescribed by statute, the district judge has jurisdiction and power at chambers to enter a default and to hear testimony thereon and to enter judgment. Where a defendant is in default, it is not necessary to give him notice that the judge is going to proceed and hear testimony in the case at chambers and enter judgment.

After a careful examination of the affidavits, records and transcript in this case, we are satisfied that the court did not err in refusing to set aside said default. The application to set aside the default was addressed to the sound, legal discretion of the trial court, and unless it is made to appear that such discretion has been abused, the order made will not be disturbed upon appeal. (*Culver v. Mountainhome Electric Co.,* 17 Ida. 669, 107 Pac. 65; *Harr v. Kight,* 18 Ida. 53, 108 Pac. 539; *Vollmer Clearwater Co. v. Grunewald,* 21 Ida. 777, 124 Pac. 278.)

The order and judgment appealed from must be affirmed, and it is so ordered, with costs in favor of respondent.

Budge and Morgan, JJ., concur.