ANA MARÍA SUGAR COMPANY, INC., PLAINTIFF AND APPELLEE.
v. CARLO ET AL., DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of Mayagüez in an Action
of Debt.

No. 1538.—Decided March 30, 1917.

PLEADING — MOTION TO STRIKE — IRRELEVANT AND REDUNDANT MATTER — AFFI-
DAVIT.—Section 123 of the Code of Civil Procedure refers only to motions
to strike out irrelevant and redundant matter and does not contemplate
a motion to strike out an affidavit because it had not been properly num-
bered and recorded in the registry of the notary who signed the jurat.

ID.—ID.—FRIVOLOUS OR DILATORY QUESTION—CONSTRUCTION OF LAW.—In the
event of an arbitrary disregard by the trial court of a meritorious motion,
this court might construe the expression "a motion to strike out or a de-
murrer to any pleading," employed in section 142 of the Code of Civil
Procedure as amended in 1915, to include a motion to strike out the veri-
fication rather than the pleading itself; but the terms of said section will
not be extended to cover a frivolous or dilatory question evidently raised
for the sole purpose of temporarily evading instead of answering or de-
murring to the complaint.

ID.—CONSTRUCTION OF LAW—ERROR.—Construing section 142a in connection with
section 142, there appears no intention either to alter or limit in any way
the plain duty imposed upon both the trial court and the Supreme Court
as to errors or defects not affecting the substantial rights of the parties.

ID.—VERIFICATION OF COMPLAINT—AFFIDAVIT—REGISTRY OF AFFIDAVIT.—An affi-
davit made before a notary in conformity with the Act of March 12, 1908,
in verification of a complaint, is not void because it fails to bear the num-
ber of the corresponding entry in the registry, nor is this a defect affect-
ing any substantial rights of the defendant; for, according to section 8
of the said act, it is the omission from the record, and not the failure, inad-
vertent or otherwise, of a notary to duplicate upon the document the num-
ber of the corresponding entry in the registry that vitiates the affidavit.
The legal presumption is that the notary complied with the statute requir-
ing him to record the instrument.

ID.—MOTION TO STRIKE—JUDGMENT BY DEFAULT—APPEARANCE—NOTICE.—Under
section 323 of the Code of Civil Procedure, the mere appearance of a defend-
ant for the purpose of moving to strike out the verification of the com-
plaint does not entitle him to notice of plaintiff's motion for default. The
usual caution is contained in the summons, and there is no statutory pro-
vision or principle of law that requires a double warning.

ID.—CAUSE OF ACTION—ASSIGNMENT OF CONTRACT—CONSIDERATION.—The con-
sideration for the cession and assignment to plaintiff of the contract sought
to be enforced need not be alleged in the complaint in order to state facts
sufficient to constitute a cause of action; for, according to section 1244
of the Civil Code, the consideration is presumed to exist.

The facts are stated in the opinion.

*Mr. Angel A. Vázquez* for the appellant.

*Messrs. Feliú & Alemañy* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

In a suit for the recovery of money begun by the filing of a sworn complaint, defendants having been duly summoned on April 27, 1916, moved on May the 1st to strike the affidavit for the reason that it did not appear to have been properly numbered and recorded in the registry of the notary who signed the jurat.

On May the 9th plaintiff requested that default be entered, and on May the 19th, following the refusal of the secretary to act, moved the court for judgment by default, which was granted.

On June the 12th defendants asked the court to reconsider and set aside the judgment so entered:

" (*a*) Because judgment was rendered without having previously ruled upon a motion to strike the affidavit to the complaint,—a motion that was filed by defendants on May the 1st, 1916, and duly notified to the plaintiff.

" (*b*) Because said judgment was rendered on a motion filed by plaintiffs on May the 29th, 1916, of which no notice was given to defendants in order that they might defend themselves, notwithstanding the fact that said defendants had appeared in this suit."

Defendant appeals from the judgment and from an order overruling the motion last above mentioned.

Error is assigned as follows:

"I. That the court erred in rendering judgment against defendants without having previously ruled on the motion to strike filed by them.

"II. The court erred in overruling the motion filed by defendants for a reconsideration of the judgment.

"III. The complaint does not state facts sufficient to constitute a cause of action."

In support of the first proposition appellants cite section 123 of the Code of Civil Procedure, which reads:

"All irrelevant and redundant matter in a pleading shall be stricken out by the court on motion of the opposite party, and until such motion is disposed of by the court the moving party shall not be required to plead further."

The section quoted on its face refers only to irrelevant and redundant matter and cannot by any stretch of the imagination be held to include a motion to strike an affidavit based on the grounds above outlined.

In the absence of controlling statutory provisions it would seem to be a general rule, subject to certain exceptions, *infra,* that the entering of a judgment by default while a motion remains pending and undisposed of is erroneous and irregular, although appellants have cited no authority in point. 23 Cyc. 751. And where substantial rights or jurisdictional questions are involved this is perhaps the sounder view in any jurisdiction, for, as pointed out by the Supreme Court of Oklahoma in a recent case,—

"It would be a strange and inconsistent procedure to hold that the defendant, in order to challenge the attention of the court to the want of jurisdiction over his person, because of irregularities in the summons and service thereof, must do so by motion to quash, but in order to prevent a default judgment from being entered against him, and avoid the subsequent proceedings necessary to set aside such judgment, must file an answer by which he would waive all irregularities in the service and in appearance. Where a motion is frivolous upon its face, or has not been filed with promptness, and its evident purpose is one of delay, a different question might be presented." *Atchison, T. & S. F. Ry. Co.* v. *Lambert,* 121 Pac. 654.

See also dissenting opinion of Mr. Justice Milburn in *Mantle* v. *Casey et al.,* 31 Mont. 416, 78 Pac. 594.

Counsel will find most of the decided cases listed in an excellent note to *Naderhoff* v. *Benz,* 47 L. R. A. (N. S.) 853, where the editor outlines the results gathered from the authorities as follows:

"It may be said generally that the pendency of a motion that is frivolous on its face, or a motion the determination of which either

way could not affect the right of the plaintiff to proceed with the cause, will not prevent the entry of a default.

"Thus, if a motion to dismiss filed in an action at law within the time allowed by the statute for filing a plea or demurrer is of such a character that the plaintiff will be justified in treating it as a nullity, he may disregard it and cause the clerk to enter a default for failure to plead or demur; but if the motion is not of that character, no default can be entered until the motion is disposed of. *Dudley* v. *White*, 44 Fla. 264, 31 So. 830.

"And in *Rice* v. *Simmons*, 89 Ark. 359, 116 S. W. 673, while conceding that it is generally irregular to enter a judgment by default while a motion remains pending and undisposed of, the court stated that where the motion upon its face appears to be frivolous, and it clearly appears that the motion could not have been granted, or where the determination of the motion either way could not affect the right of the plaintiff to proceed with the cause, it would not be reversible error to enter a judgment by default.

"With the exception above indicated, the question as to the effect of the pendency of a motion to prevent a judgment by default depends to a large extent upon the purpose or character of the motion, and to some extent upon the terms of the local statutes in relation to defaults.

"Thus, the California and Nevada decisions that pendency of a motion does not extend the time to answer are under a code provision that default may be entered upon failure to answer or demur, the court constructing such provision as showing conclusively that a motion will not prevent entry of default in the absence of an order of court or agreement of the parties staying proceedings."

Under our Code the summons must contain, and in the case at bar did contain,—

"A direction that the defendant appear and answer the complaint within ten days, if the summons is served within the district in which the action is brought; within twenty days if served out of the district, but in the Island of Porto Rico, and within forty days if served elsewhere.  .

"In an action arising on contract, for the recovery of money, or damages only, a notice that unless the defendant so appears and answers, the plaintiff will take judgment for the sum demanded in the complaint (stating it)."

And:

"Sec. 194.—Judgment may be had, if the defendant fail to answer the complaint, as follows:

"1. In an action arising upon contract for the recovery of money or damages only, if no answer has been filed with the secretary of the court within the time specified in the summons, or such further time as may have been granted, the secretary, upon application of the plaintiff, must enter the default of the defendant, and immediately thereafter enter judgment for the amount specified in the summons, including the costs, against the defendant, or against one or more of several defendants, in the cases provided for in section 96."

Again:

"Sec. 109.—If no objection be taken, either by demurrer or answer, the defendant must be deemed to have waived the same, excepting only the objection to the jurisdiction of the court, and the objection that the complaint does not state facts sufficient to constitute a cause of action."

Also:

"Sec. 142.—The court must, in every state of an action, disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the parties, and no judgment shall be reversed or affected by reason of such error or defect."

In 1915 a new section was added as follows:

"Sec. 142A.—In all cases in which a motion to strike out or a demurrer to any pleading is sustained or overruled and a decision is not announced in the presence of the parties or their attorneys, it shall be the duty of the secretary of the court to mail a written notice to the losing party or his attorney within five days from the date of such decision, notifying him of such decision, and a copy of such notice shall be filed with the papers in the case and the time within which to amend or answer if leave therefor is given shall begin to run from the date of the filing of such notice among the papers."

Although neither the section nor the amendment is mentioned by either of the parties herein, we might construe the language "a motion to strike out or a demurrer to any pleading" liberally, in the event of an arbitrary disregard by the

trial judge of a meritorous motion, to include a motion to strike the verification rather than the pleading itself, but we are not disposed to extend the terms of the new law to cover a frivolous or dilatory question evidently raised for the sole purpose of temporarily evading instead of answering or demurring to the complaint. Construing the new section in connection with the old, we find no intention whatever either to alter or limit in any way the plain duty imposed upon both the trial judge and this court as to errors or defects not affecting the substantial rights of the parties.

"An Act to establish a registry of affidavits or declarations executed before notaries and other officers," approved March 12, 1908, provides:

"Affidavits or declarations of authenticity shall be numbered in successive and continuous numbers and each declaration shall contain at its head the number corresponding to it and which shall be correlative with that of the entry in the registry, referred to hereinafter."

Sections 5, 8 and 9 of the same law read as follows:

"Notaries shall keep a registry of 'affidavits' or declarations of authenticity, in brief entries, dated, numbered, sealed, and subscribed to by the notaries themselves, setting forth the names of the parties to the instrument, and the nature of the act, thereby authenticated.

"These affidavits or declarations of authenticity shall be included in the indices referred to in section 26, of an act entitled: 'An Act to regulate the practice of the notarial profession in Porto Rico,' approved March 8, 1906.

"The registry of affidavits or declarations of authenticity, as soon as it shall contain two hundred folios shall be bound in the same manner as protocols of public instruments.

"Any 'affidavit' or declaration not recorded in the registry, or not included in the corresponding indice shall be null.

"There shall not be deemed to be included in this law any declarations in judicial, or administrative proceedings, made before judges or officers of any capacity, in matters under their jurisdiction."

We need not consider at this time the exact scope and meaning of the word "null" as used in section 8. For the

purposes of this opinion it may be conceded that the affidavit assailed by appellant herein, if "not recorded in the registry," is absolutely null and void as to all persons, for all purposes, and in all circumstances, although unquestionably it would have been valid if executed in the same form and without record before any authorized officer other than a notary. Even so, it is the omission from the record, and not the failure inadvertent or otherwise of a notary to duplicate upon the document the number of the corresponding entry in the registry, that vitiates the affidavit. Appellant did not even allege in his motion, nor at any time has he shown or offered to show that the affidavit in question was not in fact of record in the protocol of the notary. The legal presumption is that the notary complied with the statute imposing this duty upon him, and we may safely assume, in the absence of any suggestion in the record to the contrary, that the indices on file with the secretary of the district court, as well as the registry of the notary, would show this to be the fact.

If in an information for perjury it is sufficient to set forth "in what court and before whom the oath alleged to be false was taken, and that the court or the person before whom it was taken had authority to administer it" (Code Cr. Pr., paragraph 89), if "no special form of oath or affirmation is required" (Penal Code, sec. 118), and if "it is no defence to a prosecution for perjury that the oath was administered or taken in an irregular manner" (id., sec. 117), we are wholly at a loss to perceive, and appellants have not undertaken to point out, how the defect complained of could affect them in any substantial right.

In support of the second ground of appeal appellant insists upon subdivisions (*a*) and (*b*) of their motion to open the default, *supra,* the first of which has already been disposed of, except as to the mention now made for the first time of section 140 of the Code of Civil Procedure, together with a vague reference to mistake, inadvertence or excusable neglect. But the motion does not even invoke the section referred

to and, if it had, contains absolutely nothing that could possibly entitle appellants to relief thereunder.

As to the proposition stated in subdivision (*b*), appellant relies upon section 323 of the Code of Civil Procedure, which reads:

"A defendant appears in an action when he answers, demurs, or gives the plaintiff written notice · of his appearance, or when an attorney gives notice of appearance for him. After appearance, a defendant or his attorney is entitled to notice of all subsequent proceedings of which notice is required to be given. But where .a defendant has not appeared, service of notice or papers need not be made upon him unless he is imprisoned in the action for want of bail."

Conceding for the sake of argument that the motion of appellants is sufficient to bring them within the meaning of the words employed, yet a mere appearance, without more, would not entitle defendants to notice of a motion for default. The usual caution was contained in the summons and we are aware of no statutory provision or principle of law that requires a double warning.

"Except where the statutes or rules of practice expressly require such notice, a defendant who is once in court whether by legal process or by appearance is not as a general rule entitled to notice of an application for or entry of a judgment by default against him, especially where the judgment is one which will be entered as a matter of course., as in an action for the payment of money only."   23 Cyc. 759.

See also *Vega* v. *Rodríguez,* 17 P. R. R. 237.

While we would not be understood as adopting without reservation the extreme view taken in some of the cases about to be cited, reference may be made to the following: *Donlan* v. *Thompson Falls Cooper and Milling Co.,* 112 Pac. 445; *Hall* v. *Whittier,* 20 Idaho, 120, 116 Pac. 1031; *Domer* v. *Stone,* 27 Idaho, 279, 149 Pac. 505; and *Nuestal* v. *Spokane International Railway Co.,* 27 Idaho, 367, 149 Pac. 462.

The contention that the complaint does not state facts sufficient to constitute a cause of action is addressed to the omission of any express averment of a consideration for the

alleged cession and assignment to plaintiff of the contract sought to be enforced, is based primarily on the provision of section 1228 of the Civil Code that there is no contract unless a cause for the obligation exists and is equally without merit.

The obvious answer is found in section 1244 of the said code, which provides that—

"Even though the consideration should not be expressed in the contract, it is presumed that it exists and that it is licit unless the debtor proves the contrary."

See also *McFarland* v. *Holcomb,* 123 Cal. 84.

Both the judgment by default rendered herein and the order of the district court declining to open the same must be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Aldrey concurred.