Ana María Sugar Company, Inc., Demandante y Apelada, *v.* Carlo et al., Demandados y Apelantes.

## Apelación procedente de la Corte de Distrito de Mayagüez en pleito sobre cobro de dinero.

### No. 1538.—Resuelto en marzo 30, 1917.

Alegaciones—Materia Impertinente y Redundante—Juramento de una Alegación—Eliminación.—El artículo 123 del Código de Enjuiciamiento Civil se refiere únicamente a mociones para eliminar materia impertinente y redundante y no comprende una moción para eliminar el juramento de una alegación por el fundamento de no aparecer que haya sido numerado debidamente, ni registrado en el libro-registro del notario que lo autorizó.

Id.—Eliminación—Cuestión Frívola o Dilatoria.—La frase ''una moción para eliminar o una excepción previa para cualquier alegación'' contenida en el artículo 142a del Código de Enjuiciamiento Civil, intercalado en el año 1915, aunque pudiera ser interpretada liberalmente en el caso de que la corte inferior de modo arbitrario prescinda de una moción meritoria, como que comprende una moción para eliminar el juramento más bien que la alegación misma, sin embargo, no se le dará mayor alcance a los términos de dicho artículo a fin de que puedan comprender una cuestión frívola o dilatoria que evidentemente se promueva con el solo objeto de eludir temporalmente en vez de contestar o excepcionar la demanda.

Id.—Intención del Legislador—Errores Sustanciales.—Al interpretar el artículo 142a con el 142, no existe ninguna intención ya de alterar o restringir en alguna forma el claro deber que ha sido marcado tanto al juez sentenciador como al Tribunal Supremo, en lo que respecta a errores o defectos que no afecten a los derechos sustanciales de las partes.

Affidavit—Registro de Affidavits—Falta de Inscripción en el Registro.—Un *affidavit* del juramento de una demanda autorizado ante un notario conforme la ley de 12 de marzo de 1908, no adolece de nulidad por el hecho de que no lleve el número correspondiente del asiento en el registro, ni es un defecto que afecta ningún derecho sustancial del demandado, pues de acuerdo con la sección 8 de dicha ley es la omisión de inscribirlo en el registro y no la falta inadvertida o de otro modo de un notario de duplicar en el documento el número correspondiente en el registro, que puede viciar el juramento. La presunción legal es que el notario cumplió con la ley que le impone el deber de registrarlo.

Sentencia en Rebeldía—Comparecencia del Demandado para que se Elimine el Juramento de la Demanda—Notificación de la Moción de Rebeldía.—La mera comparecencia de un demandado para que se elimine el juramento de la demanda, no le da derecho, visto el artículo 323 del Código de Enjuiciamiento Civil, a ser notificado de una moción del demandante para que se anote la rebeldía. El aviso que es costumbre dar lo contiene la citación y no existe ningún precepto o principio legal que exija que se haga una doble notificación.

Causa de Acción—Cesión y Traspaso de Contrato—Presunción de Causa.—La causa de una cesión y traspaso al demandante del contrato que se trata

de hacer cumplir, no es necesario alegarla en la demanda para que aduzca hechos suficientes para constituir una causa de acción, pues de acuerdo con el artículo 1244 del Código Civil, dicha causa se presume que existe.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. Angel A. Vázquez.*

Abogados de la apelada: *Sres. Feliú & Alemañy.*

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del tribunal.

En una acción establecida en cobro de dinero a virtud de demanda jurada, habiendo sido debidamente citados y emplazados los demandados en 27 de abril, 1916, presentaron éstos en 1º de mayo una moción para que fuera eliminado el *affidavit*, fundada en que del mismo no aparece que haya sido numerado debidamente ni registrado en el libro-registro del notario que autorizó el juramento.

El día 9 de mayo solicitó el demandante la anotación de la rebeldía del demandado y en 19 del propio mes y después de la negativa del secretario a anotar dicha rebeldía, pidió a la corte que dictara sentencia en rebeldía, moción que le fué concedida.

En 12 de junio los demandados solicitaron de la corte que reconsiderara y dejara sin efecto la sentencia que de tal modo fué dictada, por los siguientes motivos:

"(a) Porque la sentencia ha sido dictada, sin haber previamente resuelto la corte una moción de eliminación del *affidavit* de la demanda, moción que fué radicada por los demandados con fecha 1 de mayo de 1916, y notificada debidamente a la demandante.

"(b) Porque tal sentencia ha sido dictada por virtud de una moción registrada por la demandante con fecha 29 de mayo de 1916, de la cual no se dió conocimiento a los demandados para que éstos pudieran defenderse, a pesar de que dichos demandados han comparecido en este pleito."

El demandado apela de la sentencia y de la orden por la que se declara sin lugar la moción referida en último término.

Los errores que siguen han sido alegados por el apelante:

"I. La corte erró al dictar sentencia en contra de los demanda-

dos sin haber antes resuelto la moción de eliminación por éstos presentada.

"II. La corte erró al denegar la moción de reconsideración de sentencia radicada por los demandados.

"III. La demanda no aduce hechos suficientes para determinar una causa de acción en favor del demandante."

Los apelantes citan en apoyo de su primera proposición el artículo 123 del Código de Enjuiciamiento Civil el cual prescribe lo siguiente:

"A moción de la parte contraria se eliminará por la corte toda materia impertinente y redundante contenida en una alegación, y hasta que tal moción sea resuelta por la corte la parte promovente no estará obligada a hacer nueva alegación."

El artículo citado según puede verse de su faz se refiere únicamente a materia impertinente y redundante y no puede sostenerse mediante ningún esfuerzo de la imaginación que comprende una moción para eliminar un *affidavit* basado en los fundamentos anteriormente expresados.

A falta de disposiciones estatutorias que regulen la cuestión parece ser la regla general, sujeta a ciertas excepciones que se citan posteriormente, que es erróneo e irregular el registrar una sentencia en rebeldía mientras existe una moción pendiente de resolución, aunque en este caso el apelante no ha citado ninguna autoridad que sea aplicable al punto en discusión. 23 Cyc. 751. Y cuando están envueltos derechos sustanciales y cuestiones jurisdiccionales éste es quizás el criterio más sano que puede adoptarse en cualquier jurisdicción, pues como ha sido sugerido por la Corte Suprema de Oklahoma en un reciente caso:

"Sería un procedimiento raro e inconsistente declarar que para que pueda el demandado llamar la atención de la corte respecto a la falta de jurisdicción sobre su persona debido a las irregularidades contenidas en el emplazamiento y su notificación tiene que hacerlo mediante moción para anular; pero para que pueda impedirse que sea registrada una sentencia en rebeldía contra él y evitar los procedimientos subsiguientes que son necesarios para hacer

que dicha sentencia se deje sin efecto, deberá dicho demandado radicar su contestación con la cual renunciaría a todas las irregularidades que puedan existir en la notificación y en la comparecencia. Cuando una moción es frívola por su faz o no ha sido radicada con prontitud o su objeto principal es demorar el procedimiento, sería distinta la cuestión que se presentaría." *Atchison, T. & S. F. Ry. Co.* v. *Lambert,* 121 Pac. 654.

Véase también la opinión disidente emitida por el Juez Sr. Milburn en el caso de *Mantle* v. *Casey et al.,* 31 Mont. 416, 78 Pac. 594.

Los abogados de las partes en este caso encontrarán la mayoría de los casos que han sido resueltos citados en la excelente nota del caso *Naderhoff* v. *Benz & Sons,* 47 L. R. A. (N. S.) 853, donde el editor hace una reseña de los resultados como han sido tomados de las autoridades, a saber:

"Generalmente puede decirse que el hecho de que se encuentre pendiente de resolución una moción que según su propia faz es frívola, o una moción cuya resolución en uno u otro sentido no puede afectar al derecho del demandante para continuar con su acción no será obstáculo para que se registre o anote una rebeldía.

"Por tanto, si una moción sobre desestimación que ha sido radicada en una acción ante la corte dentro del término concedido por el estatuto para formular una alegación o excepción previa es de tal naturaleza que esté justificado el demandante en considerarla como nula, dicho demandante puede prescindir de ella y hacer que el secretario anote una rebeldía por dejarse de presentar alguna alegación o excepción previa; pero si la moción no es de tal índole, no podrá registrarse ninguna rebeldía hasta tanto sea resuelta dicha moción. *Dudley* v. *White,* 44 Fla. 264, 31 So. 830.

"Y en el caso de *Rice* v. *Simmons,* 89 Ark. 359, 116 S. W. 673, aunque se admite que por lo general es un procedimiento irregular dictar una sentencia en rebeldía mientras está pendiente de resolución una moción, manifestó la corte que cuando la moción por su propia faz demuestra ser frívola y aparece claramente que dicha moción no hubiera podido ser concedida, o cuando la resolución de la moción en uno u otro sentido no puede afectar al derecho del demandante para seguir adelante con su acción no es error en que pueda basarse la revocación el dictar una sentencia en rebeldía.

"Con las excepciones indicadas la cuestión relativa al efecto que

produce el estar pendiente de resolución una moción en el sentido de impedir que se dicte una sentencia en rebeldía depende en gran manera del objeto y de la naturaleza de la moción, y en cierto modo de los términos en que aparezca redactado el estatuto local con referencia a rebeldías.

"Por consiguiente, las decisiones de California y Nevada según las cuales no puede entenderse que por el hecho de estar pendiente de resolución una moción no queda ampliado el término para presentar su contestación el demandado, se basan en un precepto del código de acuerdo con el cual puede anotarse la rebeldía al dejarse de formular la contestación o excepción previa, interpretando la corte dicho precepto en el sentido de que demuestra de modo concluyente que una moción no impedirá la anotación de una rebeldía a menos que exista una orden de la corte o estipulación de las partes sobre suspensión de los procedimientos."

De acuerdo con nuestro código la citación deberá contener, y en el presente caso contenía,

"La prevención de que el demandado debe comparecer y contestar la demanda dentro de los diez días si la citación se hiciere en el distrito en que se promueve la acción; dentro de veinte días si se hiciere fuera de dicho distrito pero en la Isla de Puerto Rico; y dentro de cuarenta días si se hiciere en otra parte.

"En una acción originada de un contrato para obtener dinero, o el importe de daños y perjuicios solamente, se hará constar la prevención de que si no compareciere el demandado según se le ordena, el demandante obtendrá fallo por la cantidad exigida en la demanda, especificando la suma."

Y dispone el artículo 194 del propio Código que:

"Podrá dictarse sentencia si el demandado dejare de contestar la demanda, en los casos siguientes:

"1. En un pleito que nazca de un contrato sobre pago de dinero o para obtener perjuicios solamente, si no se hubiere presentado la contestación al secretario de la corte dentro del término señalado en la citación, o de su prórroga, si se hubiese concedido; el secretario, a instancia del demandante, deberá hacer constar la rebeldía del demandado, y acto seguido anotará en el récord de la corte la sentencia para el pago de la cantidad especificada en la citación, con más las costas contra el demandado, o contra uno o más de los varios demandados, en los casos previstos en el artículo 96."

También prescribe el artículo 109, que:

"Si no se presentare impugnación, ni por medio de excepción previa, ni al contestar la demanda, deberá entenderse que el demandado renuncia a ello, salvo únicamente la objeción a la competencia de la corte y la de que la demanda no expone hechos suficientes para determinar una causa de acción."

Y dispone además el artículo 142, que:

"En cualquier estado de un pleito la corte no tomará en cuenta algún error o defecto en las alegaciones o procedimientos que no afecten a lo esencial de los derechos de las partes, y no se revocará o invalidará ningún fallo por razón de dicho error o defecto."

En el año 1915 fué intercalado un nuevo artículo al 142, el cual es como sigue:

"Artículo 142a.—En todo caso en que se declare con o sin lugar una moción para eliminar o una · excepción previa para cualquier alegación y no se anunciare la decisión en presencia de las partes o de sus abogados, será el deber del secretario de la corte enviar por correo un aviso por escrito a la parte perjudicada o a su abogado, dentro de cinco días contados desde la fecha de dicha decisión, notificándole ésta, y la copia de dicho aviso se unirá a los autos del caso y el tiempo dentro del cual debe enmendar o contestar, si para ello se concediere permiso, se empezará a contar desde la fecha en que se una a los autos el antedicho aviso."

Aunque ni el artículo ni la enmienda se mencionan por ninguna de las partes en este caso, podríamos interpretar liberalmente la frase "una moción para eliminar o una excepción previa para cualquier alegación," en el caso de que la corte inferior de modo arbitrario prescinda de una moción meritoria, como que comprende una moción para eliminar el juramento más bien que la alegación misma, pero no estamos dispuestos a dar mayor alcance a los términos de la nueva ley a fin de que puedan comprender una cuestión frívola o dilatoria, que evidentemente fué promovida con el solo objeto de eludir temporalmente en vez de contestar o excepcionar la demanda.

Al interpretar el nuevo artículo en relación con el viejo,

no vemos que exista ninguna intención ya de alterar o de restringir en alguna forma el claro deber que ha sido marcado tanto al juez sentenciador como a este tribunal en lo que respecta a los errores o defectos que no afecten a los derechos sustanciales de las partes.

La "Ley estableciendo un registro de *affidavits* o declaraciones juradas ante notarios y otros funcionarios," aprobada en 12 de marzo de 1908, prescribe lo siguiente:

"Los *affidavits* o declaraciones de autenticidad llevarán una numeración sucesiva y continua y cada declaración será encabezada por el numero que le corresponda y que será correlativo al de la inscripción en el registro que más adelante se establece."

Los artículos 5, 8 y 9 de dicha ley disponen lo que sigue:

"Los notarios llevarán un registro de *affidavits* o declaraciones de autenticidad, en notas concisas fechadas, numeradas, selladas y suscritas por los mismos notarios, haciendo constar el nombre de los otorgantes y la naturaleza del acto autenticado.

"Estos *affidavits* o declaraciones de autenticidad serán incluídos en los índices dispuestos por la sección 26 de la 'Ley para regular el ejercicio de la profesión notarial en Puerto Rico,' aprobada en marzo 8 de 1906.

"El registro de *affidavits* o declaraciones de autenticidad, cuando comprenda doscientos folios, será encuadernado en la misma forma que los protocolos de instrumentos públicos.

"El *affidavit* o declaración no inscrito en el registro, o no incluído en el índice correspondiente, será nulo.

"No se entenderán comprendidas en esta ley las declaraciones prestadas en procedimientos judiciales, o gubernativos, ante jueces o funcionarios de cualquiera clase, en asuntos de su jurisdicción."

No es necesario para este tribunal considerar ahora el verdadero alcance y significado de la palabra "nulo" como ha sido usada en el artículo 8. Puede admitirse, para los fines de esta opinión, que el *affidavit* impugnado por el apelante en este caso "si no ha sido inscrito en el registro," es enteramente nulo y sin ningún valor en cuanto a todas las personas, para todos los fines y en todas las circunstancias, aunque indiscutiblemente que hubiera sido válido de haberse

prestado en la misma forma y sin hacerse su inscripción ante cualquier funcionario que no sea un notario. Aun así, lo que vicia el *affidavit* es el haber sido omitido en el registro y no el descuido inadvertido del notario en hacer constar en el documento el número correspondiente del asiento en el registro. El apelante ni siquiera alegó en su moción ni en ningún momento ha demostrado, o tratado de probar que el *affidavit* en cuestión en realidad no había sido inscrito en el libro registro del notario. La presunción legal es que el notario cumplió con la ley que le impone este deber, y muy bien podemos suponer, no constando en los autos nada en sentido contrario, que así lo demostrarían los índices archivados en la oficina del secretario de la corte de distrito, como también el registro mismo del notario.

Si en una acusación por delito de perjurio es suficiente con expresar "en qué tribunal y ante quién fué prestado el juramento que se denuncia como falso y que el tribunal, o la persona ante quien el juramento fué prestado tenía facultad para tomarlo" (Código de Enjuiciamiento Criminal, artículo 89); si "no se exige ninguna forma especial de juramento o afirmación" (Código Penal, art. 118), y si "no se admite como defensa en ninguna causa por perjurio la circunstancia de haberse prestado o tomado el juramento en forma irregular" (*id.* art. 117), en manera alguna podemos ver, y los apelantes no han tratado de demostrarlo, de qué modo podía afectarles en algún derecho sustancial el defecto alegado.

En apoyo del segundo fundamento de la apelación el apelante insiste en los hechos alegados en los párrafos (*a*) y (*b*) de su moción solicitando la apertura de la rebeldía, *supra,* el primero de los cuales ya ha sido resuelto, menos en lo que respecta a la alegación que ahora se hace por primera vez del artículo 140 del Código de Enjuiciamiento Civil, en unión de la vaga referencia relativa a que debió haber sido concedido a los demandados el beneficio de la equivocación, de la inadvertencia o de la excusable negligencia. Pero en la moción ni siquiera se invoca dicho artículo y de haberse citado

dicha moción, no contiene absolutamente nada que pudiera dar derecho a los apelantes a un remedio de acuerdo con el mismo.

Y respecto a la proposición contenida en el párrafo (*b*), el apelante se funda en el artículo 323 del Código de Enjuiciamiento Civil que prescribe lo siguiente:

"Un demandado comparece en un pleito cuando contesta, opone excepción previa o notifica por escrito su comparecencia al demandante; o cuando un abogado hace constar su comparecencia por dicho demandado. Después de la comparecencia, el demandado o su abogado, tendrá derecho a que se le notifiquen todos los procedimientos subsiguientes cuando corresponda. Pero si el demandado no ha comparecido, no habrá necesidad de que se le hagan las notificaciones o entrega de documentos a menos que se hallare en prisión con motivo de pleito, por falta de fianza."

Concediendo, en pro del argumento, que la moción de los apelantes es suficiente para que puedan quedar comprendidos dentro de la significación de las palabras empleadas, la mera comparecencia, sin embargo, sin nada más, no daría derecho a los demandados a ser notificados de la moción de rebeldía. El aviso que generalmente se acostumbra dar lo contenía la citación y no conocemos ningún precepto o principio legal que exija que se haga una doble notificación.

"Menos en los casos en que los estatutos o reglas de procedimiento exijan expresamente dicho aviso, un demandado que ya se encuentra ante la corte bien mediante procedimientos legales o por su comparecencia, por regla general no tiene derecho a que se le notifique una moción solicitando que se dicte sentencia en rebeldía contra dicho demandado, especialmente cuando se trata de una sentencia que desde luego ha de ser registrada, como sucede en una acción establecida en cobro de dinero solamente." 23 Cyc. 759.

Véase también el caso de *Vega* v. *Rodríguez*, 17 D. P. R. 251.

Aunque no habrá de entenderse que adoptamos sin reservas el riguroso criterio observado en algunos de los casos que pasamos a citar, hacemos referencia a los siguientes: *Don-*

lan v. *Thompson Falls Copper & Milling Co.,* 112 Pac. 445;
*Hall* v. *Whittier,* 20 Idaho, 120, 116 Pac. 1031; *Domer* v. *Stone,*
27 Idaho, 279, 149 Pac. 505; y *Nuestel* v. *Spokane International Railway Co.,* 27 Idaho, 367, 149 Pac. 462.

La alegación de que la demanda no aduce hechos suficientes para determinar una causa de acción se formula a la falta de cualquier alegación expresa en la demanda de la causa de la obligación para la supuesta cesión y traspaso al demandante del contrato que se trata de hacer cumplir, y se basa principalmente en las prescripciones del artículo 1228 del Código Civil, según el cual no hay contrato a menos que exista una causa para la obligación, y carece igualmente de méritos.

Puede contestarse sencillamente éste argumento con sólo citar el artículo 1244 del propio código, el cual dispone lo siguiente:

"Aunque la causa no se exprese en el contrato, se presume que existe y que es lícita mientras el deudor no pruebe lo contrario."

Véase también el caso de *McFarland* v. *Holcomb,* 123 Cal. 84.

Tanto la sentencia dictada en rebeldía en este caso, como la orden de la corte de distrito negándose a abrir dicha rebeldía deben ser confirmadas.

*Confirmadas la sentencia y orden apeladas.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.