(July 20, 1921.)

A. A. CRANE, Respondent, v. CITY OF HARRISON, a Municipal Corporation, and W. A. THOMAS, as Treasurer and Ex-Officio Tax Collector of Kootenai County, Idaho, Appellants.

[200 Pac. 892.]

DEFAULT JUDGMENT—DISCRETION OF TRIAL COURT—INJUNCTION.

1. Action of trial court in opening default and vacating default judgment will not be disturbed except in case of clear abuse of discretion by the trial court.

2. In order to entitle plaintiff to temporary injunction restraining collection of sidewalk tax, complaint must show some present interest in property or liability for payment of tax.

APPEAL from the District Court of the Eighth Judicial District, for Kootenai County. Hon. W. F. McNaughton, Judge.

Motion by plaintiff to set aside default. Sustained. Defendant appeals. *Affirmed.*

Motion by defendant to dissolve injunction. Denied. Defendant appeals. *Reversed.*

J. F. Ailshie and Ray Agee, for Appellants.

"It is always an absolute objection to the allowance of an injunction, for the purpose of protecting property during a litigation, that the complaint shows that the party seeking the injunction has no title to or interest in the property, and no claim to the ultimate relief sought by the litigation; in other words, that the complaint shows no equity." (14 R. C. L. 355; *Brunzell v. Stephenson,* 30 Ida. 202, 164 Pac. 89; *McGinnis v. Friedman,* 2 Ida. 393, 17 Pac. 635; *State v. McGlynn,* 20 Cal. 233, 81 Am. Dec. 118; *Birchfield v. Bourland* (Tex. Civ.), 187 S. W. 422; *Porter v. Armour*

*& Co.,* 241 Ill. 145, 89 N. E. 356; *Erwin v. Central Union Tel. Co.,* 148 Ind. 365, 46 N. E. 667, 47 N. E. 663.)

Fred D. Crane and W. B. McFarland, for Respondent.

Respondent had a sufficient interest in the subject matter of the action at the time of the commencement thereof to authorize the maintenance of the same. (*Giselman v. Starr,* 106 Cal. 651, 40 Pac. 8.)

The real party in interest is the party who is to be benefited or injured by the judgment in the case. (*Jackson v. McGilbray,* 46 Okl. 208, 148 Pac. 703; McQuillin, Mun. Corp., p. 4511; *City of Seattle v. Kelleher,* 195 U. S. 351, 25 Sup. Ct. 44, 49 L. ed. 232.)

DUNN, J.—Appellants are prosecuting two appeals, the first being an appeal from the decision of the district court sustaining respondent's motion to set aside the default entered against him for failure to amend his complaint within the time allowed by the court and to vacate the judgment dismissing his action, and the second an appeal from the decision of the court denying appellant's motion to dissolve an injunction.

The default against the defendant entered on February 8, 1921, rests upon the service of an order of court sustaining a demurrer to the complaint and allowing ten days for filing an amended complaint made by leaving a copy of said order in the office of Fred D. Crane, counsel for respondent, at a time when said counsel was absent. While we have no statute requiring service of such an order as this, service was attempted under C. S., sec. 7199, which reads in part as follows:

"The service of notice or other paper may be personal, by delivery to the party or attorney on whom the service is required to be made, or it may be as follows:

"1. If upon an attorney, it may be made during his absence from his office by leaving the notice or other papers with his clerk therein, or with a person having charge

thereof; or, when there is no person in the office, by leaving them, between the hours of eight in the morning and six in the afternoon, in a conspicuous place in the office.''

The affidavit of service of this order filed on behalf of appellants states that service was made ''by leaving a true copy of said order in a conspicuous place on the desk of said Fred D. Crane in his office in the city of Coeur d'Alene, Kootenai County, Idaho, between the hours of eight in the morning and six in the afternoon, to wit, at or about the hour of 11:45 o'clock in the forenoon of said day; that at the time of making said service and leaving said papers as aforesaid, said Fred D. Crane was absent from his office and there was no clerk in said office nor any other person in charge thereof. And affiant further says that he knows the person so served to be the attorney of record for plaintiff, A. A. Crane, in the above-entitled action.''

The affidavit of Fred D. Crane in support of the motion to open default and set aside the judgment on the ground of plaintiff's mistake, inadvertence, surprise and excusable neglect, says that after the argument of said demurrer on January 18, 1921, he left Coeur d'Alene and went to Boise, Idaho, upon business matters and did not return to Coeur d'Alene until March 6, 1921; that he did not know of the ruling of the court sustaining the demurrer to the plaintiff's complaint until about February 10, 1921, and that he did not know of the default judgment taken against plaintiff until February 14, 1921; that upon his return from Boise on March 6, 1921, he found no copy of the order sustaining said demurrer on his desk or elsewhere. That affiant offices with John P. Gray in the Giguere building and that Miss Florence Meade, stenographer for said John P. Gray, is in said office during office hours and the said Ray Agee could have handed her a copy of said order sustaining the demurrer and the same would have then been forwarded to affiant.

In his reply affidavit Ray Agee says that he has ''noted what said Crane has stated in his affidavit regarding the

forwarding of papers by Miss Florence Meade; . . . . and says that he is not acquainted with said Florence Meade, but that at the time of making the service aforesaid this affiant asked of a young lady in the office of John Gray, if she knew where said Crane was and was informed by said person, whom this affiant believes must have been the said Florence Meade, that Fred D. Crane was out of the city; that this affiant then stated to said person that he had papers to serve on said Crane, and said person watched him place said order upon the desk of said Crane.''

In a case of this kind this court will not reverse the order of a trial court opening default and vacating a default judgment unless there has been a clear abuse of the discretion vested in the trial court. (*Nuestel v. Spokane International Ry. Co.*, 27 Ida. 367, 149 Pac. 462, and cases therein cited.) Upon a careful consideration of the entire showing here we are not prepared to say that there has been such abuse of discretion by the trial court as would justify us in reversing the order complained of. The order of the trial court on this appeal is therefore affirmed.

The appeal from the order entered January 3, 1921, by the district court denying the motion of appellant to dissolve the injunction herein is well taken, for the reason that the complaint does not show such interest on the part of respondent in the matter in controversy as to entitle him to an injunction.

Said order of the district court is, therefore, reversed, and the injunction dissolved without prejudice to the right of respondent, if he so desires, to renew his application to the district court for an injunction on a showing that meets the requirements herein stated.

No costs to either party on these appeals.

Rice, C. J., and Budge, McCarthy and Lee, JJ., concur.

(October 1, 1921.)

ON PETITION FOR REHEARING.

DUNN, J.—The petition for rehearing in this case calls attention to the error of our decision as to costs on appeal. On examination of this matter we are of the opinion that costs should be allowed appellant on the appeal from the order refusing to dissolve the injunction, which order we reversed, and to respondent on the appeal from the order opening default and vacating default judgment, which order we affirmed. It is so ordered, and with this modification of the original decision the petition for rehearing is denied.

Rice, C. J., and Budge, McCarthy and Lee, JJ., concur.