(July 30, 1923.)

T. M. ATWOOD, Respondent, v. NORTHERN PACIFIC RAILWAY COMPANY and JAMES C. DAVIS (Substituted for JOHN BARTON PAYNE), as ·Federal Agent Appointed Under the Terms of Transportation Act of 1920, Appellants.

[217 Pac. 600.]

DEFAULT JUDGMENT—MOTION TO SET ASIDE—EXCUSABLE NEGLECT—DISCRETION OF TRIAL COURT.

1. The mistake, inadvertence or excusable neglect contemplated by the statute in regard to setting aside defaults is such as might be expected on the part of a reasonably prudent person under the circumstances; the statute does not excuse utter indifference and inattention to business.

2. The question whether mistake, inadvertence or neglect is excusable is addressed in the first instance to the sound discretion of the trial court, and its judgment will not be reversed except for manifest abuse.

APPEAL from the District Court of the Tenth Judicial District, for Idaho County.   Hon. Wallace N. Scales, Judge.

Action for damages.   Appeal from judgment and· order refusing to set aside default.   *Affirmed.*

Cannon & McKevitt and M. Reese Hattabaugh, for Appellants.

An application to vacate a default judgment is entrusted to the discretion of the trial court and the improper exercise of such discretion will be corrected when the essential elements necessary to set such discretion in motion are wanting. (*Holzeman v. Henneberry*, 11 Ida. 428, 83 Pac. 497; *Valley State Bank v. Post Falls etc. Co.*, 29 Ida. 587, 161 Pac. 242; *Brucker v. O'Connor*, 115 Ga. 95, 41 ∘S. E. 245; *Deering Harvester Co. v. Thompson*, 116 Ga. 388, 42 S. E. 772; *Skinner v. Terry*, 107 N. C. 103, 12 S. E. 118.)

In determining the question of discretion, the power of the court should be freely and liberally exercised under the statute to mold and direct its proceedings so as to dispose of cases upon their substantial merits. (*Pittock v. Buck,* 15 Ida. 47, 96 Pac. 212; *Hamilton v. Hamilton,* 21 Ida. 672, 123 Pac. 630; *Humphreys v. Idaho Gold etc. Co.,* 21 Ida. 126, 120 Pac. 823, 40 L. R. A., N. S., 817; *Holzeman & Co. v. Henneberry, supra; Nicoll v. Weldon,* 130 Cal. 666, 63 Pac. 63.)

Discretionary power means a sound and impartial discretion and should be resolved, in case of doubt, in favor of the application. (*Hamilton v. Hamilton, supra; Watson v. San Francisco etc. R. R. Co.,* 41 Cal. 17.)

Sufficient showing was made by the defendants in their motion and application to vacate the default judgment with supporting affidavits to entitle them to relief under C. S., sec. 6726, on the ground that said judgment was taken against them through their "mistake, inadvertence, surprise, or excusable neglect," and likewise that they possessed a meritorious defense to the cause of action. (*Melde v. Reynolds,* 129 Cal. 309, 61 Pac. 932; *Tucker v. St. Louis Ins. Co.,* 63 Mo. 588; *Barto v. Sioux City Electric Co.,* 119 Iowa, 179, 93 N. W. 268; *Grady v. Donahoo,* 108 Cal. 211, 41 Pac. 41; *Hughes Mfg. & Lbr. Co. v. Elliot,* 167 Cal. 494, 140 Pac. 17.)

A. S. Hardy and Jas. F. Ailshie, for Respondent.

A default cannot be opened where entered through carelessness or lack of attention. A clear showing excusing the default must be made; and the order of the trial court will not be reversed unless it clearly appears such court abused its discretion. (*Holland Bank v. Lieuallan,* 6 Ida. 127, 53 Pac. 398; *Pease v. Kootenai Co.,* 7 Ida. 731, 65 Pac. 432; *Holzman v. Henneberry & Co.,* 11 Ida. 428, 83 Pac. 497; *Weston L. & S. Co. v. Smith,* 12 Ida. 94, 85 Pac. 1084; *Pittock v. Pittock,* 15 Ida. 47, 98 Pac. 719; *Council Imp. Co. v. Draper,* 16 Ida. 541, 102 Pac. 7; *Culver v. Mountain Home Elec. Co.,* 17 Ida. 669, 107 Pac. 65; *Harr v. Kight,*

18 Ida. 53, 108 Pac. 539; *Morebeck v. Bradford-Kennedy Co.*, 19 Ida. 83, 113 Pac. 89; *Green v. Kandle*, 20 Ida. 190, 118 Pac. 90; *Brooks v. Orchard L. Co.*, 21 Ida. 212, 121 Pac. 101; *Hamilton v. Hamilton*, 21 Ida. 672, 123 Pac. 630; *Richards v. Richards*, 24 Ida. 87, 132 Pac. 576; *Domer v. Stone*, 27 Ida. 279, 149 Pac. 505; *Franklin Co. v. Bannock Co.*, 28 Ida. 653, 156 Pac. 108; *Kynaston v. Thorpe*, 29 Ida. 302, 158 Pac. 790; *Ticknor v. McGinnis*, 33 Ida. 308, 193 Pac. 850; *Armstrong v. Hartford Fire Ins. Co.*, 33 Ida. 303, 195 Pac. 301; *Dellwo v. Peterson*, 34 Ida. 697, 203 Pac. 472; *Myers v. Landrum*, 4 Wash. 762, 31 Pac. 33; *Sanborn v. Centralia etc. Co.*, 5 Wash. 150, 31 Pac. 466.)

Carelessness, inattention, oversight or misunderstanding of an officer of a corporation defendant on whom summons is served is not such accident, surprise or excusable neglect as will justify opening the default entered thereon. (*Missouri K. & T. R. Co. v. Ellis*, 53 Or. 264, 156 Pac. 226; *Bradshaw v. Des Moines Ins. Co.*, 154 Iowa, 101, 134 N. W. 628; *Sioux City etc. Co. v. Boddy*, 108 Iowa, 538, 79 N. W. 350; *Morris v. Liverpool L. & G. Ins. Co.*, 131 N. C. 212, 42 S. E. 577; 23 Cyc. 937; Black on Judg., sec. 340.)

McCARTHY, J.—Judgment was entered against appellants by default. They moved to set it aside on the ground that it was taken against them through mistake, inadvertence, and excusable neglect. From the order of the trial court denying the motion to set aside the judgment, and also from the judgment itself this appeal is taken.

Under C. S., sec. 6726, the court may, upon timely application, relieve a party from a judgment, order or other proceeding taken against him through his mistake, inadvertence, or excusable neglect. This court has held that the mistake, inadvertence or excusable neglect contemplated by the statute is such as might be expected on the part of a reasonably prudent person under the circumstances, and that the statute does not excuse utter indifference and inattention to business. (*Kynaston v. Thorpe*, 29 Ida. 302, 158 Pac. 790; *Valley State Bank v. Post Falls etc. Co.*, 29 Ida. 587, 161

Pac. 242; *Green v. Craney,* 32 Ida. 338, 182 Pac. 852; *Boise Valley Traction Co. v. Boise City, ante,* p. 20, 214 Pac. 1037.)   In an unbroken line of decisions this court has held that the question whether mistake, inadvertence or neglect is excusable is addressed in the first instance to the sound discretion of the trial court, and its judgment in the matter will not be reversed except for manifest abuse.   (*Crane v. City of Harrison,* 34 Ida. 167, 200 Pac. 892; *Sessions v. Walker,* 34 Ida. 362, 201 Pac. 709; *Nuestel v. Spokane etc. Ry. Co.,* 27 Ida. 367, 149 Pac. 462, and cases therein cited.) The taking of a default in this case was caused by the fact that the papers were not sent to the local counsel.   This appears to have been due partly to the fact that the proper instructions were not given to one employee, and partly to inattention of others.   We cannot see that the district court committed any abuse of discretion in deciding on the showing made that the neglect was not excusable.

The amendment of C. S., sec. 6726, made by chap. 235 of the Session Laws of 1921, refers only to a case where judgment is taken through neglect or failure of an attorney. There was no neglect of an attorney in the present case and therefore the amendment has no application.

The judgment and order appealed from are affirmed, with costs to respondent.

Dunn, William A. Lee and Wm. E. Lee, JJ., concur.